■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD JENKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered May 10, 1984, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial (O'Dwyer, J.), after a hearing, of those branches of the defen-

dant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

On May 26, 1983, at approximately 2:45 P.M., George Michaelis was robbed at knife point by two men. He reported the incident to the police and provided them with a description of his assailants.

Police Officer Kevin Hennesey, who was on routine traffic patrol on the date in question, learned by means of police radio broadcasts that three robberies had occurred that afternoon. The radio reports disclosed that the suspects were two black males and were driving in a white Monte Carlo bearing New Jersey license plate number 358SSE. Officer Hennesey testified at the suppression hearing that following these broadcasts, he observed a white Monte Carlo and noticed that two black males were seated therein. He further observed, upon closer inspection, that the license plate of this vehicle matched that specified in the radio broadcasts. Therefore, the officer approached the vehicle. He drew his gun and requested that the defendant exit his vehicle and place his hands on the trunk of the car. Approximately two minutes later, a backup unit arrived with the victim of one of the robberies, who identified the codefendant. Both men were placed under arrest, their vehicle was searched, and certain evidence found inside the vehicle was retrieved. Following the administration of *Miranda* warnings, the defendant made certain statements. On appeal, the defendant challenges the admissibility of the evidence seized by the police as well as the admissibility of his statements.

Contrary to the defendant's contentions, we find that the police possessed the requisite probable cause to arrest the defendant at the time his vehicle was initially stopped, based upon the information conveyed in the radio broadcasts, upon which the officer was entitled to rely, coupled with his personal observations which unequivocally confirmed the details of those broadcasts *(see, People v Brnja,* 50 NY2d 366). Moreover, since the evidence was seized incident to a lawful arrest, suppression of this evidence was properly denied.

With respect to the defendant's statements, the evidence adduced at the hearing reflects that the defendant had been advised of his *Miranda* rights and that he freely and knowingly waived these rights. The defendant's statements were thus properly held to be admissible and the judgment of conviction is, accordingly, affirmed. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.