OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
*730 During the People’s presentation of evidence, one of the jurors advised the court that, because of his concerns about the racial composition of the jury, his judgment might be "colored, distorted”. At a hearing conducted outside the presence of the other jurors, the juror was asked what he meant by that statement. He responded: "Well, I can state that. I may bend over backwards one way or another in order to be fair. I don’t think I could be unfair but in order to be fair * * * I would say, well, gee, there’s something wrong here and I have to give this individual — it could be the main witness, the benefit of the doubt. I mean I haven’t made a judgment as to what the”. The court interrupted the juror’s response as follows: "Counselor, I think maybe the risk in view of what he’s told us, the risk of this juror continuing is one that we shouldn’t really take in this case.” No further inquiry was made of the juror. After legal argument on the issue, the court discharged the juror, finding that "Juror Number 7 has indicated to the court that he has some feelings that might in some way influence his ability to be a fair and impartial juror in this case”.
Before a sworn juror may be discharged as "grossly unqualified” (CPL 270.35), a trial court must — based on tactful and probing inquiry — be convinced that the juror’s knowledge will prevent that person from rendering an impartial verdict. The court may not speculate as to the possible partiality of a sworn juror based on equivocal responses (People v Buford, 69 NY2d 290, 299). Here, the discharge was supported neither by the court’s probing inquiry nor by the juror’s unequivocal responses indicating gross disqualification to serve impartially.
We decline the People’s invitation to apply a harmless error analysis based on the proof of defendant’s guilt, or based on the fact that defendant participated in selecting the alternate who replaced the discharged juror. A defendant has a constitutional right to a trial by a " 'particular jury chosen according to law, in whose selection [the defendant] has had a voice’ ” (People v Buford, supra, at 297-298 [quoting People v Ivery, 96 AD2d 712; People v West, 92 AD2d 620, 622 (Mahoney, P. J., dissenting), revd on dissenting opn below 62 NY2d 708]; see, NY Const, art I, § 2). To deny this defendant a chosen jury on an improper basis, as in this case, is a deprivation of the constitutional right to a jury trial (see, People v *731 West, supra, 92 AD2d, at 622), and harmless error analysis is therefore unavailable.
Because a new trial is required, we further note that the court erred in failing to make a record of its Sandoval ruling, so that there might be appellate review of this determination (see, People v Culver, 102 AD2d 924).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.