■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER PETERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered January 3, 1986, convicting him of arson in the first degree, attempted murder in the second degree, robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

In the early morning hours of July 21, 1985, a taxicab driver was robbed by two men who then set fire to his cab with a Molotov cocktail and fled.

The following morning, Police Officer Philip Insardi pulled over an automobile in which the defendant was a passenger for traffic violations. While the officer was conducting an inquiry into the status and ownership of the vehicle which ultimately revealed that it had not been stolen, several additional police units arrived on the scene to render assistance. Officer Insardi testified at the pretrial hearing that he "was informed by one of the other officers that responded that the vehicle that [he] had stopped and the two occupants of that vehicle fit the description of a vehicle that was used in a robbery that had occurred in the past". Officer Insardi thereafter arrested the defendant and the driver of the automobile, his codefendant.

The defendant's argument that probable cause for his arrest did not exist, as evidenced by the arresting officer's testimony that, *inter alia,* he placed the defendant in custody in order to

conduct a further investigation into the ownership of both the vehicle and a taxi meter which was seen lying on the rear floor of the car and that the defendant was not under arrest for any specific charge at the time is without merit. As this court held in *People v Lopez* (95 AD2d 241, 242), "judicial evaluation of police action must be based on objective criteria and not an officer's subjective view of his right to make an arrest". Therefore, Officer Insardi's subjective observations that he arrested the defendant for, *inter alia,* further investigation into the ownership of the taxi meter, which would clearly not constitute a proper basis for the arrest in the absence of evidence that the defendant, a passenger in the car, had physical possession or otherwise exercised dominion or control over the meter *(see,* Penal Law § 10.00 [8]; *cf.,* Penal Law §§ 220.25, 265.15), does not militate against a finding that the information conveyed to him by a fellow officer constituted a proper basis for the arrest. Clearly the officer had probable cause to arrest the defendant based upon the information he received from a fellow officer *(see, People v Lypka,* 36 NY2d 210, 213-214; *People v Ward,* 95 AD2d 233). The hearing record supports the conclusion that "the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest" *(People v Horowitz,* 21 NY2d 55, 60) inasmuch as the defendants matched the descriptions of the perpetrators of the robbery/arson provided by the complainant and they were present in a vehicle bearing the license plate of an automobile wanted in the crime only one day later. The defendant's failure to have challenged the reliability of, or questioned the basis for, the information conveyed to the arresting officer by his fellow officer leaves intact the presumption of probable cause created by the information *(see, People v Jenkins,* 47 NY2d 722; *People v Muriell,* 128 AD2d 554, *lv denied* 70 NY2d 652; *People v Ward, supra).*

While portions of the court's instructions to the jury were not exemplary, the errors contained therein neither rendered the charge "fatally defective" *(People v Sanders,* 69 NY2d 860, 861) nor warrant reversal in the interests of justice.

Finally, the record reveals that defense counsel was active and informed during the proceedings and that the defendant was afforded meaningful representation *(see, People v Zaborski,* 59 NY2d 863; *People v Baldi,* 54 NY2d 137). Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.