■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS VINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), dated June 2, 1986, convicting him of criminal mischief in the third degree, assault in the third degree, and aggravated harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During the presentation of the People's evidence, defense counsel informed the court that he had observed one of the jurors taking notes. Upon inquiry out of the presence of the other jurors, the juror admitted to the court that she was taking notes and explained that she wrote "just something that [she] didn't want to forget to bring up". When the Trial Judge informed her, "You may not take any notes in connection with the case", she replied, "I'm sorry". She stated that she did not discuss any of her notes with the other jurors. She further stated, "that's my habit. When I don't want to forget something, I just jot it down". We quote what occurred next from the record.

"THE COURT: One of my admonitions, and I must have given that admonition at least twenty times between Monday and today, not to discuss the case yourselves or not to form an opinion. And one of the things that you have down here in your own handwriting, 'District Attorney putting words in her mouth, like rehearsal'. It's an indication to the Court that you've already formed an opinion.

"JUROR NUMBER 7: No, I didn't—

"THE COURT: Which the court has directed you not to do. Therefore, I'm excusing you from this jury".

Upon this record, the trial court's discharge of the juror was improper. Once a trial jury has been sworn, the court must discharge a juror when it "finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature, but not warranting the declaration of a mistrial" (CPL 270.35). Here, we are not convinced that the discharged juror was rendered "grossly unqualified", or that her actions can be characterized as "misconduct of a substantial nature" (CPL 270.35), or that she prematurely formed an opinion as to the guilt or innocence of the defendant in contravention of the trial court's repeated instructions *(see,* CPL 270.40). The standard for disqualifying a sworn juror over the defendant's objection is satisfied only " 'when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " *(People v Buford,* 69 NY2d 290, 298, quoting from *People v West,* 92 AD2d 620, 622 [Mahoney, P. J., dissenting], *revd* 62 NY2d 708 *on dissenting opn at App Div).* In concluding that a juror is grossly unqualified, "the trial court may not speculate as to the likelihood of partiality, but rather, must be convinced, after a probing and tactful inquiry, that the sworn juror will be unable to deliberate fairly and render an impartial verdict" *(People v Cargill,* 70 NY2d 687, 689; *see, People v Buford, supra,* at 299). "[T]he court should carefully consider the juror's answers and demeanor to ascertain whether her state of mind will affect her deliberations. The trial court's reasons for its ruling should be placed on the record" *(People v Buford, supra,* at 299). Here, error was committed when the Trial Judge made no inquiry into the juror's state of mind but, although the juror stated that she did not form an opinion, surmised that she had already deliberated on the case and discharged her. Thus, there should be a new trial *(see, People v Buford, supra; People v Gallina,* 137 AD2d 617). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.