■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BINNS, Appellant.—Judgment of the Supreme Court, New York County (Edward McLaughlin, J.), rendered December 10, 1986, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentenced him, as a second felony offender, to two concurrent, indeterminate prison terms of from 6 to 12 years, unanimously reversed, on the law, and the matter is remanded for a new trial.

Defendant contends that a new trial is required because of the trial court's improper exercise of its power under CPL 270.35 to discharge a sworn juror for unavailability. Defendant also argues that the trial court erred in permitting the People to introduce evidence of prior similar crimes and in failing to charge the jury both on the law of probable cause to arrest and on how to evaluate alibi testimony, and was unduly harsh in imposing sentence.

The People concede that the trial court's discharge of the juror is reversible error requiring a new trial, citing *People v Page* (72 NY2d 69), decided while the instant case was pending on appeal, and *People v Anderson* (70 NY2d 729, 730-731). Accordingly, we reverse and remand for a new trial. We do not address the other points made by defendant, the parties having stipulated that a remand for a new trial obviates any need to do so. Concur—Sullivan, J. P., Carro, Asch, Kassal and Wallach, JJ.