THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE GARCIA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered August 1, 1984, convicting him of attempted murder in the second degree, kidnapping in the second degree, conspiracy in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were

to suppress a certain statement made by him to the police, certain physical evidence, and identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered before a Justice other than the Justice who tried this case.

The defendant's challenge to the hearing court's determination denying suppression of his statement, certain physical evidence, and identification testimony, is without merit. Probable cause to arrest the defendant arose from his presence in a stolen van which was pursued by the police after its driver refused to stop, and which had been linked by a partial license plate number and description to an attempted abduction of the complainant. The description of one of the perpetrators of the attempted abduction matched the defendant's appearance (see, People v Peters, 136 AD2d 750; People v Rodriquez, 128 AD2d 740; People v Messam, 112 AD2d 449).

Further, the hearing court's conclusion that the defendant was advised of his Miranda rights and made a knowing and voluntary waiver thereof finds ample support in the record and, hence, will not be disturbed (see, People v Casiano, 123 AD2d 712; People v Gee, 104 AD2d 561). The defendant's claim that his statement was obtained in violation of his right to counsel is unavailing. The record is devoid of any evidence that the police had actual knowledge that the defendant had a prior unrelated charge pending against him (see, People v Bertolo, 65 NY2d 111), and the circumstances under which the defendant was questioned do not warrant concluding that the police had constructive knowledge (see, e.g., People v Cunningham, 60 NY2d 930; People v Fuschino, 59 NY2d 91).

The photographic identification procedure was not improper simply because three of the eight photographs in the array depicted those believed to have been involved in the crimes (see, People v Cicero, 119 AD2d 687).

We are nevertheless compelled to reverse the defendant's conviction because of the trial court's improper discharge of a juror, over the defendant's objection. On the fifth day of the trial in the midst of the People's case, the trial court was informed of possible contact between the defendant and one of the jurors. The court questioned the juror in camera and without the presence of the defendant's attorney. The juror acknowledged that during a recess in the trial the prior day, he greeted the defendant by saying "Have a good day". The juror denied that he had "any preconceived notions" or that he "already made [his] mind up without hearing the comple-

tion of the case", explaining that when he saw the defendant, the words "just came out" probably because he was "very aware of what was going on in the case and * * * know what's going on—probably happened to the boys" and "just felt sorry".

Out of the presence of the jury, the court entertained arguments by counsel. The court determined that it would conduct an inquiry of the individual jurors as to whether any of them had engaged in premature deliberations, i.e., "rendered any opinion before [the jury] had the case as to the guilt or innocence of the defendant", noting that its initial inclination was to discharge the juror. The questioning of each juror, including the alternates, revealed no impropriety.

The court then ruled that it would discharge the juror and replace him with an alternate "[t]o avoid any possibilities of impropriety" since the juror violated the admonitions of the court and, by his conduct and expression of sympathy indicated "that he may have a predisposition". The court, however, acknowledged that "this juror's conduct is not of substantial nature or misconduct" as defined by CPL 270.35.

The trial court's examination of the juror in question clearly indicates that he did not manifest a state of mind which warranted the conclusion that he was "grossly unqualified to serve" (CPL 270.35; see, People v Anderson, 70 NY2d 729; People v Buford, 69 NY2d 290), or that he prematurely formed an opinion as to the guilt or innocence of the defendant in violation of the court's repeated instructions (see, CPL 270.40; People v Vinson, 143 AD2d 702). Nor can this juror be said to have "engaged in misconduct of a substantial nature" (CPL 270.35; see, People v Castillo, 144 AD2d 376; People v Vinson, supra). Indeed, the trial court made a finding that the juror's actions were not misconduct "of a substantial nature" but nevertheless, discharged the juror based on speculation as to his possible partiality despite the juror's unequivocal statements to the contrary (see, People v Cargill, 70 NY2d 687; People v Buford, supra.) Since harmless error analysis is unavailable in this context, reversal is mandated (see, People v Anderson, supra).

We further note that the trial court should have questioned the juror in the presence of the attorneys and the defendant (see, People v Buford, supra).

In view of our determination, we do not address the defendant's remaining contentions. Mollen, P. J., Brown, Lawrence and Spatt, JJ., concur.