THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE L. REYES, Appellant.—

The defendant's contention that his postarrest statement, as well as certain physical evidence and identification testimony, should have been suppressed as the product of an illegal arrest is without merit. The police located a stolen van which had been linked by a partial license plate number and description to an attempted abduction of the complainant, and determined that its occupants matched the general descriptions of the assailants who had been connected to the attempted murder. After the defendant, who was the driver, refused to stop, the police pursued the vehicle *(see, People v Garcia,* 153 AD2d 951; *People v Peters,* 136 AD2d 750; *People v Jenkins,* 133 AD2d 348; *People v Davidson,* 110 AD2d 776). Based upon their observations, the police had probable cause to arrest the defendant.

We must nevertheless reverse the defendant's conviction, as we did in the companion case of *People v Garcia (supra),* on the ground that the trial court improperly discharged a sworn juror over the defendant's objection.

Since there is to be a new trial, we direct that the defendant be tried separately from his codefendant Garcia, because Garcia's confession was admitted at the first trial, and Garcia did not testify at that trial *(see, Cruz v New York,* 481 US 186).

In view of our determination, we do not address the defendant's remaining contentions. Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.