■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR VELASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered April 15, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

After both the defense counsel and the prosecutor gave their summations, the Trial Judge was informed by a court officer that an alternate juror had reported to him that she was approached by the defendant's sister, who had stated to the juror that the defendant was innocent. Upon questioning by the Trial Judge, the alternate juror stated, in relevant part, that she had related the incident to the jury foreperson. After discharging the alternate juror, without objection by the defense counsel, the Trial Judge separately questioned the foreperson, who specifically stated that her knowledge of this incident would not have any affect on her deliberations. Moreover, the foreperson stated that while she was aware of the presence of the defendant's sister in the courtroom, it did not create any feeling of sympathy. Over the defense counsel's objection, the Trial Judge discharged the foreperson, stating, "I would rather not take the chance that while she's giving us the right answers, it may subconsciously affect her."

It is clear from the Trial Judge's examination of the foreperson that she did not manifest a state of mind which warranted the conclusion that she was grossly unqualified to serve *(see,* CPL 270.35; *People v Cargill,* 70 NY2d 687; *People v Buford,* 69 NY2d 290; *People v Garcia,* 153 AD2d 951). Indeed, the Trial Judge discharged the foreperson based on speculation as to her possible partiality despite her unequivocal statements to the contrary *(see, People v Cargill, supra; People v Buford, supra).* Since the erroneous dismissal of a juror is not subject to a harmless error analysis, reversal is mandated *(see, People v Anderson,* 70 NY2d 729).

Because there may be a new trial, we further note that the People should not have been permitted to impeach one of their witnesses, who purportedly had seen the shooting, but, at trial, had no recollection of the incident. Pursuant to CPL 60.35 (1), when the People call a witness who gives testimony upon a material issue which tends to disprove the People's position at trial, the People may then seek to introduce prior written signed statements and oral sworn statements by that party which contradict the trial testimony. However, the testimony sought to be impeached must affirmatively damage the People's position. At bar, the mere failure of the witness to recollect the incident in question did not affirmatively damage the People's case *(see, People v Fitzpatrick,* 40 NY2d 44; *People v Comer,* 146 AD2d 794).

We need not address the defendant's remaining contention. Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.