■ The People of the State of New York, Respondent, v Ronald Fox, Appellant.—Judgment of the Supreme Court, New York County (Beatrice Shainswit, J.), rendered May 11, 1982, convicting defendant after a jury trial of murder in the second degree and criminal possession of weapon in the third degree, and sentencing him to concurrent, indeterminate terms of imprisonment of fifteen years to life and three and one-half to seven years, and an order of the same court, entered March 20, 1990, summarily denying defendant's CPL article 440 motion to set aside the conviction, unanimously affirmed.

The trial court properly denied defendant's article 440 motion without a hearing. Defendant moved for relief, claiming that the judgment was obtained in violation of a right under CPL 440.10 (1) (h), but defendant's motion did not explain his failure to adduce evidence in support of his claim. Defendant argues that his conviction rests on false or grossly unreliable testimony in violation of his due process rights, but as Judge Scileppi noted in *People v Bennett* (30 NY2d 283, 288), "coram nobis requires, in addition to the assertion of a fundamental constitutional right, that the opportunity to assert the same has been substantially impaired or denied". And it is plain that defendant could have availed himself of legal authority and medical experts to challenge the validity of the four-in-one electrophoresis procedure employed by the prosecutor's expert and the conclusions that the expert offered to the jury.

In any event, defendant fails to show that the challenged testimony was perjurious or carelessly false *(cf., People v*

*Robertson,* 12 NY2d 355, 359-360), or that the electrophoresis testimony was key to the case. The remaining circumstantial evidence arrayed against defendant was overwhelming. Defendant was splattered with blood when his car was stopped a short distance from the shooting. His revolver bore evidence that it had been fired, and the shattered window glass matched that found on the street and on the victim's clothing. Moreover, unchallenged standard blood typing evidence showed that the blood in the car matched the victim's. Other evidence showed that defendant and the victim were involved with heroin, and that they had argued in the weeks before the victim was killed. Thus the electrophoresis testimony was not critical. *(Cf., People v Robertson, supra,* at 359.)

Defendant's alternative argument that trial counsel was ineffective is also rejected, as is defendant's request for a hearing on the claim. While it is not clear from the record why defense counsel chose not to challenge the electrophoresis evidence *(cf., People v Garcia,* 137 AD2d 402, 403-404), counsel did provide meaningful representation in light of all the evidence and the circumstances at the time of the trial. *(People v Rivera,* 71 NY2d 705, 708.)

We find no merit to defendant's claim that the trial court erred when it received the rebuttal testimony impeaching the alibi witnesses' testimony. The court received the detectives' testimony as a matter of discretion under CPL 250.20 (4), and evidence that tends to impeach a witness' credibility with respect to the very issues the jury is asked to resolve is not collateral. *(People v Beavers,* 127 AD2d 138, 141.) Moreover, the jury's consideration of whether the alibi witnesses had actual knowledge of the condition of defendant's car did not expose the jury to the risk of a diversionary excursion. The witnesses' knowledge went to the core of their testimony that they were with defendant.

Also without merit is defendant's claim that the court's alibi charge deprived defendant of a fair trial. The charge unequivocally stated that the prosecution bore the burden of disproving the alibi beyond a reasonable doubt. *(People v Victor,* 62 NY2d 374, 378.) The court did tell the jury that one of its functions was to determine whether the alibi witnesses had testified truthfully, but the charge, read as a whole, properly conveyed the applicable law to the jury.

We also find no merit to the claim that the court erred when it dismissed a juror who had held a lunch time conversation about the case with a friend. The court's inquiry established that the juror was guilty of "substantial miscon-

duct." (CPL 270.35.) The juror ignored a basic admonition not to talk about the case with anyone or to reach any conclusion (1 CJI[NY] 3.36, at 123-124) and his comment that he believed he was not acting improperly serves to establish that juror did not feel bound by the Judge's authority. The juror showed his willingness to consider the evidence without any instruction as to the applicable law. Thus the juror's claim that he would keep an open mind did not serve to assure a verdict based on the law. His premature "sifting of the facts" cannot be dismissed as a mere irregularity. *(Cf., People v Gonzalez,* 155 AD2d 310, *lv denied* 75 NY2d 813; *People v Horney,* 112 AD2d 841, 842-843.)

Moreover, while the wrongful discharge of a sworn juror is not subject to a harmless error analysis *(People v Anderson,* 70 NY2d 729, 730), defendant's failure to object to the juror's discharge means that there is no error of law preserved for our review. Fundamental constitutional errors may be raised for the first time on appeal *(People v Michael,* 48 NY2d 1, 6-8), but the error in this case is of the kind that could have been remedied so as to have allowed the trial to proceed in accordance with law had it been timely raised. *(People v Michael,* 48 NY2d, *supra,* at 8.)

We have considered defendant's remaining arguments and find them lacking in merit. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.