■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRTLAND MCCLOUD, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Nassau County (Doolit-

tle, J.), rendered February 28, 1986, convicting him of murder in the second degree (three counts), robbery in the first degree (three counts), and burglary in the first degree (five counts), upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years to life imprisonment on each of the convictions of murder in the second degree, indeterminate terms of 12½ to 25 years imprisonment on each conviction of robbery in the first degree, to run concurrently to each other and consecutively to the sentence imposed on the conviction of murder in the second degree under the first count of the indictment, and terms of 12½ to 25 years imprisonment on each conviction of burglary in the first degree, to run concurrently to each other and consecutively to the sentence imposed on the conviction of murder in the second degree under the first count of the indictment and consecutively to the sentence imposed on the conviction of robbery in the first degree imposed on the third count of the indictment, and (2), by permission, from an order of the same court (Harrington, J.), dated October 23, 1986, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction. The appeal from the judgment brings up for review the denial, after a hearing (Santagata, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment imposed on the convictions for burglary in the first degree shall run concurrently with the terms of imprisonment imposed on all of the convictions for robbery in the first degree; as so modified, the judgment is affirmed; and it is further,

Ordered that the order is affirmed.

On the evening of February 8, 1985, the defendant and an accomplice entered a private home in Great Neck and robbed the owner and her guests at gunpoint. After collecting money and jewelry, they attempted to tie up the guests. At that point, the guests tried to overpower the intruders, and one guest was stabbed to death and two others were shot. Three days later, the defendant's accomplice made statements to the police inculpating the defendant. Shortly after obtaining this statement, the police arrested the defendant as he exited a car.

The defendant moved to suppress physical evidence recovered by the police following his arrest. At the suppression hearing, a police officer testified that he arrested the defen-

dant without a warrant based on a radio transmission from one of the detectives involved in the investigation. On appeal, the defendant contends that the People failed to establish probable cause for his arrest since the arresting officer had no knowledge of his involvement in the crimes, and the detective who sent the radio transmission was not called as a witness at the suppression hearing. This issue is unpreserved for appellate review as the defendant did not raise the reliability of the information transmitted to the arresting officer as an issue at the hearing (see, People v Weston, 56 NY2d 844; People v Tyson, 160 AD2d 826). A police officer is entitled to rely on the strength of a radio transmission from a fellow officer and to assume its reliability. Where the transmission furnishes probable cause, the sender's knowledge is imputed to the receiver, who then presumptively possesses probable cause to make the arrest. The presumption is only rebutted when the defendant makes a specific challenge to the knowledge of the sender (see, People v Lypka, 36 NY2d 210). Here, since the defendant failed to challenge the reliability of the information conveyed to the arresting officer by the detective, the presumption of probable cause remained intact (see, People v Jenkins, 47 NY2d 722; People v Peters, 136 AD2d 750). The People were under no duty to produce the detective to establish his knowledge of the defendant's participation in the crimes (see, People v Williams, 117 AD2d 830). In any event, the evidence adduced at the suppression hearing established that the police as a whole were in possession of information sufficient to establish probable cause for the defendant's arrest (see, People v Peters, supra). Therefore, the branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied.

The defendant contends that the court improperly discharged a juror who indicated that she was ill with a heart condition. The court questioned the juror at length and placed its reasons for the discharge on the record, including the juror's statements that she had been unable to sleep the previous night and that she had grave doubts as to her ability to give the defendant a fair trial owing to her poor health and severe anxiety. Accordingly we find no error in the discharge of this juror (see, People v Page, 72 NY2d 69; People v Allen, 163 AD2d 396; People v Salley, 153 AD2d 704).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

In imposing sentence, the court directed that the three concurrent sentences imposed for robbery in the first degree and the five concurrent sentences imposed for burglary in the first degree were to be served consecutively to the sentence imposed for intentional murder. We conclude that this was proper. The robbery and murder counts involved different victims (see, People v Santos, 162 AD2d 478). Moreover, the evidence established that the murder was a separate act committed subsequent to the robbery and burglary offenses (see, Penal Law § 70.25 [2]; People v Brathwaite, 63 NY2d 839; People v Tanner, 30 NY2d 102; People v Eleby, 137 AD2d 708; People v Smiley, 121 AD2d 274; cf., People v Miller, 170 AD2d 623). However, we find that the court erred in directing that the sentences imposed on the five counts of burglary in the first degree were to run consecutively to the third count of the indictment charging robbery in the first degree which related to the robbery of three of the guests, as we cannot conclude on this record that these were separate acts (see, People v Day, 73 NY2d 208; Penal Law § 70.25 [2]). We have modified the sentence accordingly.

The defendant contends that his conviction should be set aside because the prosecution improperly utilized peremptory challenges to exclude members of the defendant's race from the jury (see, Batson v Kentucky, 476 US 79). However, this contention is unpreserved for appellate review because no objection was made on this ground before the trial court (see, People v Jones, 143 AD2d 1044; People v Williams, 141 AD2d 783). In any event, the contention is unsupported by the record.

We have examined the remaining contentions raised in the defendant's supplemental pro se brief, including the contention that identification testimony should have been suppressed because the identification procedure was suggestive, and find them to be without merit. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.