■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN THOMAS, Appellant. [601 NYS2d 608] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered November 19, 1990, convicting the defendant, upon a jury verdict, of grand larceny in the fourth degree and sentencing him, as a predicate felon, to an indeterminate term of impris-

onment of from 2 to 4 years, unanimously reversed, on the law, and the matter is remitted for a new trial.

During the trial of this matter, the prosecutor informed the Trial Judge and defense counsel that after court had recessed the previous day, she observed two of her police witnesses who had testified for the prosecution, talking to the jury foreperson while waiting for an elevator. Two or three other jurors were also present. The prosecutor stated that she heard the foreperson say something in a jocular manner to the effect of "We can't go near you. We can't talk to you" and then add something about going for beers. One of the officers then responded by saying "Have a beer on me" or "I'll have a beer." According to the prosecutor, the foreperson then said "Well, I saw the bag of cocaine. I need more than a beer" or "it will have to take more than a beer." The jurors then departed in the elevator while the prosecutor and her witnesses waited for the next one.

As this incident was reported by the prosecutor on a Friday and since two other jurors were ill, the court indicated that it would address the issue the following Monday. When the proceedings resumed after the weekend recess, defense counsel requested that the court inquire of every juror as to what they may have heard regarding the conversation with the officers, if they participated in the conversation and if they were affected by what transpired in any way. The court declined to speak to all of the jurors but called the foreperson to a sidebar conference. Defense counsel objected to the sidebar because he wanted his client to participate in the proceedings.

The court declined, and at a sidebar conference in the absence of the defendant, asked the foreperson if he had a conversation or an exchange of words with anyone involved with this case. The foreperson said that he just said good-bye to one of the police officers and possibly the prosecutor. The questioning then resumed in open court in the defendant's presence, with the Judge asking the foreperson to state what happened. The foreperson said that he really didn't recall in detail, only that it was a casual exchange. He added that the exchange did not leave an impression on him and would not affect his ability to be a fair and impartial juror. The court again asked the nature of the conversation to which the foreperson replied "just * * * they're there and we're here and that's it." Both the prosecutor and defense counsel declined the opportunity to question the foreperson further.

Defense counsel requested that the court make further inquiry of the foreperson specifically addressing the information raised by the prosecutor in her account of the conversation. The court denied the request. Defense counsel then moved for a mistrial which the court denied.

Pursuant to CPL 270.35, "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict * * * the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case * * * the court must discharge such juror." While each case must be evaluated on its own unique facts, in determining whether a juror must be disqualified, the trial court must question each allegedly unqualified juror individually in camera in the presence of the attorneys and the defendant (People v Buford, 69 NY2d 290, 299). "In a probing and tactful inquiry, the court should evaluate the nature of what the juror has seen, heard, or has acquired knowledge of, and assess its importance and its bearing on the case." (Supra, at 299; see also, People v Rodriguez, 71 NY2d 214.)

The inquiry conducted by the trial court here fell short of that required by Buford. Instead of conducting the inquiry on the day the prosecutor reported the incident, the court waited until after the weekend recess when memories had faded. Although Buford requires an in camera inquiry in the presence of counsel and the defendant, the court questioned the foreperson first at a sidebar conference in the defendant's absence. As in People v Sloan (79 NY2d 386), the defendant was entitled to be present because the questioning went beyond matters pertaining to the foreperson's general qualifications and delved into his attitudes and feelings concerning prosecution witnesses who testified at trial. While the questioning then resumed in the defendant's presence, it was conducted in open court, rather than in camera, in front of some 30 spectators. The foreperson's purported inability to recall the nature of his conversation with the witnesses may, therefore, have been due to the lapse of time or to his uneasiness at admitting he spoke to the witnesses, precisely the type of situation the Buford guidelines were designed to prevent.

Once the foreperson claimed an inability to recall the nature of the conversation, the court's inquiry should have been more probing, focusing on the specifics of what the prosecutor allegedly heard. It was also error to deny defense counsel's request that each juror be questioned individually to determine if they were present when the conversation took

place or were made aware of its contents, and, if so, if they were affected by it in any way *(People v Buford, supra,* at 299; *People v Anderson,* 123 AD2d 770, *lv denied* 69 NY2d 824; *cf., People v Castillo,* 144 AD2d 376, *lv denied* 73 NY2d 890).

"Nothing is more basic to the criminal process than the right of an accused to a trial by an impartial jury. The presumption of innocence, the prosecutor's heavy burden of proving guilt beyond a reasonable doubt, and the other protections afforded the accused at trial, are of little value unless those who are called to decide the defendant's guilt or innocence are free of bias." *(People v Branch,* 46 NY2d 645, 652; *see also, People v Timmons,* 175 AD2d 10, *lv dismissed* 78 NY2d 975; *People v Meyer,* 78 AD2d 662.) While it is error to dismiss a sworn juror based on speculation from the juror's equivocal responses to the court's inquiry *(People v Buford, supra),* speculation as to whether the conversation with the officers herein was innocuous or indicative of some bias on the part of the foreperson or the other jurors only arose because of the delay in inquiring into the incident, the erroneous procedure employed by the court in conducting the inquiry, by the lack of probity of the questions posed to the foreperson and by the complete failure to make any inquiry of the other jurors. Accordingly, the judgment must be reversed and a new trial ordered.

The record fails to support the defendant's additional contention that the complainant identified him at trial only after he was pointed out by the court interpreter. Therefore, there is no merit to his contention that he is entitled to a hearing, prior to his new trial, to determine whether an independent source exists for any proposed in-court identification by the complainant. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.