■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIGITTE JONES, Appellant. [620 NYS2d 125] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered April 6, 1992, convicting her of robbery in the first degree (four counts) under Indictment No. 10716/91, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered April 6, 1992, convicting her of attempted robbery in the first degree under Indictment No. 10735/91, upon her plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant. [620 NYS2d 124] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered January 12, 1993, convicting him of attempted murder in the second degree, robbery in the first degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The voir dire minutes reflect that after being chosen and sworn to serve on the jury, one of the jurors went to the

clerk's office and was then sent to "Central Jury", where she was "excused" from service after presenting a doctor's note. When the juror failed to appear at court with the other sworn jurors and the court discovered what had transpired, it concluded that she had intentionally failed to reveal her status as a sworn juror to the clerk. The court thus termed her a "reluctant" juror who was "obviously avoiding service" and asserted that she was "not prepared to follow the directions of the court" as she would be required to do during deliberations. In spite of defense counsel's argument that the juror might have been ill and that the court had made insufficient efforts to secure her presence, the court found that the juror was "grossly unqualified to serve" and that she had "engaged in misconduct of a substantial nature" and thus declared "no further investigation necessary".

After being informed that a court clerk had communicated with the juror at work and that the juror would be coming to court the following day with a doctor's note, the court commented that, "[The juror] doesn't want to serve. She will go to any length to avoid service. A person like that should not be on a jury. She has to be excused". The court refused defense counsel's request to wait until the juror appeared in court before excusing her, saying that it would only "waste another day * * * to bring her in to find out that she's a liar".

Under the circumstances of this case, the trial court's failure to conduct any inquiry of the juror prior to discharging her as "grossly unqualified" or for engaging in "misconduct of a substantial nature" was improper *(see,* CPL 270.35; *see also, People v Page,* 72 NY2d 69; *People v Buford,* 69 NY2d 290). Since the trial court's error is not subject to harmless error analysis *(see, People v Anderson,* 70 NY2d 729, 730; *People v Fox,* 172 AD2d 218, 220), the conviction must be reversed and a new trial ordered.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.