■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN LEVY, Appellant. [623 NYS2d 606] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered February 2, 1993, convicting him of vehicular assault in the second degree, leaving the scene of an incident without reporting, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

On the fourth day of trial, Juror Number 4 telephoned the court clerk and reported that he was ill. When asked how long he expected to be out sick, Juror Number 4 spoke to the court and revealed that he could no longer sit on the case, which involved operating a vehicle in an intoxicated condition, because he was an alcoholic and could not be impartial. The court found that this juror was grossly unqualified and discharged him over the telephone. The defendant contends that Juror Number 4 should have been required to make his application in court in his presence rather than over the telephone. We agree with the defendant.

In determining whether a sworn juror is grossly unqualified, the Court of Appeals has set out a guideline in *People v Buford* (69 NY2d 290) requiring the trial court to conduct a

"probing and tactful inquiry" in the presence of the attorneys and the defendant and to place on the record its determination and its supporting evidence *(People v Buford, supra,* at 299; *see, People v Rodriguez,* 71 NY2d 214; *People v Anderson,* 70 NY2d 729, 730; *see also, People v Thomas,* 196 AD2d 462, 464; *People v Delgado,* 187 AD2d 447). By not conducting an in camera inquiry, the trial court's action was in contravention of *People v Buford (supra)* and deprived the defendant of his constitutional right to a trial by a " 'particular jury chosen according to law, in whose selection [the defendant] has had a voice' " *(People v Buford, supra,* at 297-298, quoting *People v Ivery,* 96 AD2d 712). As the trial court's error is not subject to harmless error analysis, the conviction must be reversed and a new trial ordered *(see, People v Anderson, supra,* at 731; *People v Jones,* 210 AD2d 430; *People v Fox,* 172 AD2d 218).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur. *[See,* 157 Misc 2d 941.]