THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO DOTSON, Also Known as JAMES DOTSON, Appellant. [670 NYS2d 147] —Judgment unanimously reversed on the law and new trial granted. Memorandum: County Court erred in failing to conduct an inquiry of a juror who disclosed during deliberations that she "was almost raped once myself". Because defendant was being tried for a sexual assault that included a charge of rape in the first degree (Penal Law § 130.35), the court was required to make a "probing and tactful inquiry" of the juror "in camera in the presence of the attorneys and defendant" to determine if she was "grossly unqualified" to serve (*People v Buford*, 69 NY2d 290, 299; *see,* CPL 270.35). The court failed to conduct any inquiry, and its implied finding that the juror was not grossly unqualified rests upon speculation (*see, People v Buford, supra,* at 299; *People v McClenton*, 213 AD2d 1, 2, *appeal dismissed* 88 NY2d 872). The error is not subject to harmless error analysis (*see, People v Anderson*, 70 NY2d 729, 730); therefore, the judgment must be reversed and a new trial granted. While we do not conclude that the court's charge on the presumption of innocence requires reversal, we strongly recommend that language based upon the pattern jury charge be used (*see,* 1 CJI[NY] 3.05). We have considered the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Maloy, J.—Rape, 1st Degree.) Present—Pine, J. P., Wisner, Callahan, Boehm and Fallon, JJ.