THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEVILLE WHYTE, Appellant. [725 NYS2d 347] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered December 16, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

However, the defendant is entitled to a new trial, as the trial court erred in removing a sworn juror over the defendant's objection. During a break in the testimony of a prosecution witness, the juror, who worked for the New York City Housing Authority (hereinafter NYCHA), informed the court that she knew the witness and that she had been involved in a court proceeding commenced by the NYCHA against the witness about a year before because of nonpayment of rent. The court conducted an inquiry in which the juror indicated that she was not "comfortable" because the witness knew her but she responded that she could be objective regarding the testimony of the witness and would not let her personal knowledge influence her decision. The prosecutor did not request removal of the juror. The court dismissed the juror because she might have a "jaundice[d] view on the credibility of the witness based upon that prior relationship."

CPL 270.35 (1) provides, in part, "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict * * * the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case * * * the court must discharge such juror." Although the trial court is given latitude in determining whether a sworn juror is grossly unqualified, the court may not speculate as to possible partiality based on equivocal responses but must be convinced that it is "obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" (People v Buford, 69 NY2d 290, 298-299).

Here the trial court's decision to dismiss the juror was based on speculation, as the juror indicated during the court's inquiry that she would not let her past experience with the witness influence her determinations, and there is nothing in the record casting doubt on the juror's statements (see, People v Buford, supra; cf., People v Rodriguez, 71 NY2d 214).

Contrary to the People's contention, the defendant's argument that the court failed to properly apply the "grossly unqualified" standard in dismissing the juror is preserved for appellate review. The defendant objected to the dismissal of the juror, and he was not required, in voicing his objection, to remind the court that the statute requires a finding that the juror is grossly unqualified. Moreover, the court never indicated that it was under a misapprehension regarding the proper standard to apply.

The case relied upon by our dissenting colleague, People v

*Johnson* (92 NY2d 976), is inapposite, as there the defendant conceded during a colloquy with the trial court that the "for cause" standard under CPL 270.20 (1) (b) applied to the discharge of a sworn juror while jury selection was still in progress. Under those circumstances, the defendant in Johnson was not permitted to argue on appeal that the "grossly unqualified" standard in CPL 270.35, which governs the dismissal of a juror after the trial jury has been sworn, should have been applied.

Accordingly, as the dismissal of this juror implicated the defendant's right to a trial by a jury in whose selection he had a voice, his conviction must be reversed and a new trial ordered (*see, People v Buford, supra*). O'Brien, J. P., Goldstein and H. Miller, JJ., concur.

Friedmann, J., dissents and votes to affirm the judgment with the following memorandum: I would affirm the judgment. The defendant's contention that the trial court failed to apply the "grossly unqualified" standard in removing the subject juror is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Johnson,* 92 NY2d 976, 978). Further, applying the "for cause" standard (*see,* CPL 270.20 [1] [b]), the trial court providently exercised its discretion in removing the juror (*see,* CPL 270.20 [1] [b]). I would "defer to the assessment of the trial court—which had the advantage of observing the juror's over-all demeanor and body language—that the juror had 'a state of mind that [was] likely to preclude [her] from rendering an impartial verdict' (CPL 270.20 [1] [b])" (*People v Johnson, supra,* at 978).