THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL P. TELEHANY, Appellant. [754 NYS2d 508] —Appeal from a judgment of Steuben County Court (Latham, J.), entered August 16, 2001, convicting defendant following a jury trial of felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him of driving while intoxicated as a class D felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]), defendant contends that County Court erred in removing a sworn juror who was acquainted with a defense witness. We agree. "A defendant has a constitutional right to a trial by a 'particular jury chosen according to law, in whose selection [the defendant] has had a voice'" (*People v Buford,* 69 NY2d 290, 297-298 [bracketed material in original]). Pursuant to CPL 270.35 (1), "[i]f at any time after the trial jury has been sworn and before the rendi-

tion of its verdict \* \* \* the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case \* \* \*, the court must discharge such juror." " 'This statutory test places a greater burden upon the moving party [here, the People] than if [a prospective] juror was challenged for cause' " (*Buford,* 69 NY2d at 298 [bracketed material supplied]). Thus, "the standard for disqualifying a sworn juror over defendant's objection \* \* \* is satisfied only 'when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " (*id.*). "In concluding that a juror is grossly unqualified, the court may not speculate as to possible partiality of the juror based on [his] equivocal responses. Instead, it must be convinced that the juror's knowledge will prevent [him] from rendering an impartial verdict" (*id.* at 299). The erroneous dismissal of a juror is not subject to harmless error analysis (*see People v Anderson,* 70 NY2d 729, 730-731; *People v Velasquez,* 167 AD2d 364, 365, *lv denied* 77 NY2d 883).

On this record, we are unable to conclude that the court could have been "convinced" (*Buford,* 69 NY2d at 299), based on any unequivocal responses of the juror, that the juror was "grossly unqualified to serve in the case" (CPL 270.35 [1]). The juror merely revealed that he and the defense witness had worked for a large corporate employer "at the same time" and "in the same division," but not in the "same office." The juror and the witness saw each other at work no more than approximately "once a week," and "only for a few minutes" at a time. They were not "personal friends," nor did they "socialize in any way." When asked whether he had any opinion with respect to the witness's "reputation \* \* \* [for] veracity or truthfulness," the juror responded, "I just know him to be a wonderful person, darn hard worker." When asked if that would "color the way you view his testimony," the juror unequivocally responded, "No." Neither the court nor the prosecutor asked any further questions of the juror.

We conclude that the passing acquaintance of the juror with the witness, together with his intermittent and brief face-to-face dealings with him at work while both were employed by a large corporation, did not constitute such a close relationship of a business or personal nature as to render the juror grossly unqualified to continue serving in the case (*see People v Davis,* 248 AD2d 632, *lv denied* 92 NY2d 850). The juror stated unequivocally that his acquaintance with and knowledge of the good reputation of the witness would not "color" his perception

of the witness's testimony. Although the juror was never expressly asked whether he could render an impartial verdict, the foregoing unequivocal response clearly implies that he could and certainly does not imply that he could not. No valid doubts, questions, or concerns were raised concerning the ability of the juror to serve impartially (*see People v Booker,* 282 AD2d 201, 202, *lv denied* 96 NY2d 916), and the court's conclusion to the contrary is improperly based on "speculation" (*Velasquez,* 167 AD2d at 365; *see People v Garcia,* 153 AD2d 951, 953, *lv denied* 75 NY2d 919). Present—Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ.