■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLIN PORTER, Appellant. [909 NYS2d 486]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered January 11, 2008, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, a new trial is ordered on the charges of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and the indictment is otherwise dismissed with leave to the People to re-present any appropriate charges to another grand jury (*see People v Beslanovics*, 57 NY2d 726, 727 [1982]).

During deliberations, and after the alternate jurors had been excused, one of the sworn jurors sent a note to the Supreme Court explaining that he had an upcoming court appearance before another judge within the same county which could possibly interfere with his jury service depending on when a verdict was reached. The Supreme Court informed the parties that, upon receiving this note, it searched the juror's name in a public database on the Office of Court Administration Web site and discovered that the juror had a pending charge for assault in the second degree. The Supreme Court noted that the juror did not disclose this information during voir dire despite being specifically asked if he, or any relative or close friend, had ever been accused of a crime.

The Supreme Court proceeded to conduct an inquiry of this juror in the presence of the attorneys and the defendant. During this inquiry, the juror explained that he did not respond affirmatively to the question posed by the Supreme Court with respect to whether he had ever been accused of a crime because

the District Attorney's office had agreed to reduce the charge to a violation. Having received this explanation, the Supreme Court simply asked the juror whether he could render a fair and impartial verdict despite this pending matter, to which the juror responded affirmatively.

Thereafter, the defendant moved for a mistrial on the ground that the juror was grossly unqualified to serve because he was receiving a favorable plea agreement from the District Attorney's office. Without placing its reasoning on the record, the Supreme Court denied the defendant's motion. The defendant contends that the Supreme Court erred in denying his motion for a mistrial. We agree.

CPL 270.35 (1) provides that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature . . . the court must discharge such juror." (CPL 270.35 [1].) "If no alternate juror is available, the court must declare a mistrial" (*id.*). The "grossly unqualified" standard "is satisfied only when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict" (*People v Buford*, 69 NY2d 290, 298 [1987] [internal quotation marks omitted]; *see People v Tin P. Chu*, 8 AD3d 399 [2004]; *People v Whyte*, 282 AD2d 629, 630 [2001]). In making such a determination, "the trial court must question each allegedly unqualified juror individually in camera in the presence of the attorneys and defendant" (*People v Buford*, 69 NY2d at 299), conducting "a 'probing and tactful inquiry' into the 'unique facts' of each case, including a careful consideration of the juror's 'answers and demeanor' " (*People v Rodriguez*, 71 NY2d 214, 219 [1988], quoting *People v Buford*, 69 NY2d at 299). "The trial court's reasons for its ruling should be placed on the record . . . [and] the court may not speculate as to possible partiality of the juror" (*People v Buford*, 69 NY2d at 299; *see People v Rodriguez*, 71 NY2d at 219; *People v Whyte*, 282 AD2d at 630).

Here, the inquiry conducted by the Supreme Court fell short of that required by *Buford*. Once the juror explained that the District Attorney's office had agreed to reduce his pending felony charge to a violation, the Supreme Court's inquiry should have been more probing, focusing on whether this purported agreement would render him biased in favor of, or against, the People (*see People v Dotson*, 248 AD2d 1004 [1998]; *People v Thomas*, 196 AD2d 462, 464-465 [1993]; *cf. People v Kimes*, 37

AD3d 1, 23-24 [2006]; *People v Tanner*, 220 AD2d 468 [1995]). Since the Supreme Court failed to make any inquiry into the juror's relationship with the District Attorney's office stemming from this pending case, its determination that the juror was not grossly unqualified to serve was based on speculation (*see generally People v Whyte*, 282 AD2d 629 [2001]; *People v Ruggiero*, 279 AD2d 538 [2001]; *People v Dotson*, 248 AD2d 1004 [1998]; *People v Levy*, 213 AD2d 427 [1995]; *People v Vinson*, 143 AD2d 702, 703 [1988]). Additionally, the Supreme Court erred in failing to place the reasons for its ruling on the record (*see People v Buford*, 69 NY2d at 299). As the error is not subject to harmless error analysis, the conviction must be reversed (*see People v Anderson*, 70 NY2d 729, 730 [1987]; *People v Levy*, 213 AD2d at 428; *People v Jones*, 210 AD2d 430, 431 [1994]; *People v Velasquez*, 167 AD2d 364, 365 [1990]). Accordingly, we reverse the judgment and order a new trial on counts two and three of the indictment, charging criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, respectively. Inasmuch as the defendant was convicted of manslaughter in the first degree, the lesser-included offense under count one of the indictment, we dismiss that count with leave to the People to re-present any appropriate charges to another grand jury (*see People v Gonzalez*, 61 NY2d 633 [1983]; *People v Beslanovics*, 57 NY2d 726, 727 [1982]; *People v Brockett*, 74 AD3d 1218, 1220-1221 [2010]; *People v Rodriguez*, 69 AD3d 143 [2009]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the People's application to amend the indictment so as to reflect the proper subdivision of the recently amended Penal Law § 265.03 (*see* CPL 200.70), and in admitting into evidence certain autopsy photographs.

The defendant's contention raised in point two (A) of his supplemental pro se brief is not preserved for appellate review (*see* CPL 470.05 [2]). The defendant's remaining contentions have been rendered academic in light of our determination. Mastro, J.P., Chambers, Roman and Sgroi, JJ., concur.