People v Thompson (2021 NY Slip Op 06778)





People v Thompson


2021 NY Slip Op 06778


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Ind No. 4346/15 Appeal No. 14756 Case No. 2019-2901 

[*1]The People of the State of New York, Respondent,
v
Marcus Thompson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), and Milbank LLP, New York (Sandhya Ramaswamy of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jillian Lewis of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered February 13, 2019, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of two to four years, unanimously reversed, on the law, and the matter remanded for a new trial.
The record does not support the court's discharge of a juror and an alternate, over defense objection, as "grossly unqualified." The record establishes that the two jurors engaged in premature deliberations while on the subway by discussing the demeanor and testimony of witnesses and the age of the case. Initially, the court properly conducted an inquiry of the jurors themselves and confirmed that they had engaged in premature deliberations. However, it should have inquired further and ascertained whether they were unable to render an impartial verdict, rather than discharging them as grossly unqualified based solely on the conclusion that, by prematurely deliberating, they had violated the court's instructions not to discuss the case (see People v Buford, 69 NY2d 290, 298-299 [1987]; People v Vinson, 143 AD2d 702, 703 [2d Dept 1988], lv denied 73 NY2d 897 [1989]). "Premature deliberation by a juror, by itself, does not render a juror grossly unqualified" (People v Mejias, 21 NY3d 73, 79 [2013]). The "grossly unqualified" standard for removal of a sworn juror is higher than that for a prospective juror, and "the record must convincingly demonstrate that the sworn juror cannot render an impartial verdict for him or her to be disqualified" (People v Spencer, 29 NY3d 302, 310 [2017]). Nothing express or implied in the jurors' answers suggested that they could not render an impartial verdict in spite of their conversation and decide the case based solely on the evidence before them (id. at 311).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Because we are ordering a new trial, we need not reach defendant's remaining arguments.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021