People v Cowan (2025 NY Slip Op 06177)

People v Cowan

2025 NY Slip Op 06177

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-08335
 (Ind. No. 256/22)

[*1]The People of the State of New York, respondent,
v
Michael Cowan, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss and Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered August 21, 2023, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of assault in the second degree.
The defendant's contention that the County Court denied him a fair opportunity to question prospective jurors by limiting defense counsel's voir dire during jury selection is without merit. "A trial court has broad discretion to restrict the scope of voir dire by counsel and indeed must preclude repetitive or irrelevant questioning" (People v Jean, 75 NY2d 744, 745 [citations omitted]). "A restriction on the time allotted for voir dire is generally permissible where defense counsel is 'afford[ed] . . . a fair opportunity to question prospective jurors about relevant matters'" (People v Littlejohn, 92 AD3d 898, 899, quoting People v Jean, 75 NY2d at 745; see CPL 270.15[1][c]; People v Steward, 17 NY3d 104, 110-111). Further, "the court shall not permit . . . questions as to a juror's knowledge of rules of law" (CPL 270.15[1][c]). Here, the record demonstrates that the court did not improvidently exercise its discretion in limiting defense counsel's questioning during the voir dire process because defense counsel impermissibly attempted to question the prospective jurors as to their knowledge of the rules of law (see id.).
The defendant's contention with respect to an allegedly grossly unqualified juror is also without merit. "If at any time after the trial jury has been sworn and before the rendition of its verdict, . . . the court finds, from facts unknown at the time of the selection of the jury, that a juror is grossly unqualified to serve in the case . . . , the court must discharge such juror" (id. § 270.35[1]). "[E]ach case must be evaluated on its unique facts to determine whether a particular juror must be disqualified under CPL 270.35" (People v Buford, 69 NY2d 290, 299). "[T]he trial court must question each allegedly unqualified juror individually in camera in the presence of the attorneys and defendant, conducting a probing and tactful inquiry into the unique facts of each case, including a careful consideration of the juror's answers and demeanor" (People v Lau, 148 AD3d 932, 933 [citation and internal quotation marks omitted]; see People v Rodriguez, 71 NY2d 214, 219). While [*2]the trial court is given great latitude, "the court may not speculate as to possible partiality based on equivocal responses but must be convinced that it is 'obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict'" (People v Whyte, 282 AD2d 629, 630, quoting People v Buford, 69 NY2d at 298).
Here, the County Court did not err in denying the defendant's application to discharge a particular juror. After questioning the juror in camera, the court accepted the juror's assurances that he could be fair and impartial, despite possibly having a former business relationship with the victim (see People v Blackshear, 125 AD3d 1384, 1386; cf. People v Furey, 18 NY3d 284, 288; People v Meyer, 78 AD2d 662, 663-664).
The defendant's contention regarding the County Court's Molineux ruling (see People v Molineux, 168 NY 264) is partially unpreserved for appellate review (see CPL 470.05[2]; People v Cooper, 224 AD3d 925, 925; People v Torres, 96 AD3d 881, 881). In any event, the defendant's contention is without merit (see People v Espinal-Ramos, 225 AD3d 621, 621-622; People v Delacruz, 207 AD3d 652, 653-654).
The defendant's contention that the County Court, by the sentence it imposed, penalized him for refusing to accept a plea offer and exercising his right to a trial is without merit. The record reveals no evidence of retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Bradshaw, 229 AD3d 563, 564; People v Garcia, 222 AD3d 659, 660; People v Robinson, 195 AD3d 950, 952). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court