■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE CICERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered July 30, 1984, convicting him of robbery in the first degree, burglary in the first degree, robbery in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Posner, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Judgment affirmed.

Under the circumstances of this case, Criminal Term properly denied that branch of the defendant's omnibus motion which was to suppress the in-court identification by the complainant on the ground of an improper pretrial identification procedure. The use of an array of six photographs, where it was not alleged that the defendant's photograph was distinctive, provided a fair and constitutionally adequate sample for the identification procedure (see, People v Rolston, 109 AD2d 854). The fact that the photograph of more than one perpetrator of the crime was utilized within the array did not render the identification improper.

In addition, there is no constitutional right to a lineup. That the People choose to proceed solely with a photographic identification did not serve to render the in-court identification improper or unfair (see, People v Dibble, 46 AD2d 829).

The other issue raised by the defendant has been examined and found to be meritless. Mangano, J. P., Gibbons, Thompson and Bracken, JJ., concur.