■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMAS MUNIZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered September 7, 1988, convicting him of murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the hearing court erred in refusing to suppress the lineup identification testimony of the witnesses. The court's determination that the lineup was fair and nonsuggestive is supported by the record, and we see no basis for disturbing that determination *(see,*

*People v Prochilo,* 41 NY2d 759; *People v Gairy,* 116 AD2d 733). The fact that the lineup contained more than one perpetrator did not render the identification improper *(see, People v Cicero,* 119 AD2d 687; *see also, People v Garcia,* 153 AD2d 951).

We further find that the photographs of the dead victim were properly admitted into evidence, since they were introduced on the issue of intent, and not for the sole purpose of arousing the emotions of the jury *(see, People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v Stroh,* 111 AD2d 196).

We have examined the defendant's remaining contentions and find them to be either without merit, or, to the extent that any error may have occurred, harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Roopchand,* 65 NY2d 837; *People v Crimmins,* 36 NY2d 230). Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.