■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered November 9, 1989, convicting him of murder in the second degree (two counts), assault in the first degree (12

counts) and endangering the welfare of a child (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contention that he was subjected to custodial interrogation when he was questioned at the hospital where his girlfriend's daughter was being treated for a beating, which ultimately resulted in her death, is without merit. In determining whether the defendant was in custody at the time of questioning, the appropriate inquiry is not what the defendant thought, but whether an innocent reasonable man in the defendant's position would have thought that he was in police custody (see, People v Yukl, 25 NY2d 585, cert denied 400 US 851; People v Goddard, 150 AD2d 794). At the time the defendant was questioned in the hospital, the sole suspect was the child's natural father, not the defendant. Although the defendant was told that he had to go to the precinct for further investigation, the defendant was not subjected to physical restraint nor deprived of his freedom of action in any significant manner (see, People v Griminger, 127 AD2d 74, 81).

Furthermore, the hearing court properly found that there was sufficient probable cause to arrest the defendant, who lived with the child and her mother, after the police learned that the defendant had lied when he told them that the natural father of the child was responsible for the murder, and after they found out that some of the child's injuries were "older" (in comparison to the injuries which resulted in the child's death) and apparently the result of repeated beatings.

The defendant's contention that the police deliberately delayed his arraignment so that they could interrogate him without counsel is not preserved for appellate review (see, People v Williams, 118 AD2d 610). In any event, where the police are investigating a defendant's possible involvement in an unrelated crime, one which they were unaware of at the time of his initial arrest, a delay in arraignment may be warranted (see, People v Quartieri, 171 AD2d 889, 890-891; People v Borazzo, 137 AD2d 96, 100). In this case, prior to the arraignment of the defendant, the police learned that the defendant's girlfriend's son had been hidden in the closet of their apartment and suffered from injuries. Within two hours after his removal from central booking and after he was read

his *Miranda* rights, the defendant confessed to inflicting injuries on the boy. Thus it cannot be said that the delay in arraignment was unnecessary or calculated to deprive the defendant of his right to counsel. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.