■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ELLIS, Appellant. [634 NYS2d 765] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered January 13, 1993, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

In the early morning hours of February 15, 1991, the defendant and two codefendants were apprehended by the police after an attempted robbery. Several hours after his arrest, and while he was still in custody, the defendant became a suspect in the September 1990 unsolved shooting death of a Hofstra University assistant football coach. The defendant initially admitted to having some knowledge of the incident and eventually confessed to being with his two codefendants when one of his codefendants shot the victim.

We reject the defendant's contention that the delay in his arraignment was calculated to deprive him of his right to counsel *(see, People v Ortlieb,* 84 NY2d 989; *People v Lopez,* 185 AD2d 285). Further, the totality of the circumstances supports the court's conclusion that the statements were voluntary. The defendant was repeatedly advised of his *Miranda* rights, which he waived. Contrary to his contention, the evidence establishes that he was not deprived of food or sleep *(compare, People v Anderson,* 42 NY2d 35).

We also reject the defendant's contention that the lineup conducted by the police was unduly suggestive. An examination of the hearing testimony and the lineup photographs reveals that the stand-ins were reasonably similar in appearance to the defendant *(see, People v Brennin,* 184 AD2d 715; *People v Diaz,* 138 AD2d 728). There is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance *(see, People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833; *People v Baptiste,* 201 AD2d 659). Further, as the defendant never moved to reopen the *Wade* hear-

ing, he cannot rely upon the trial testimony of one of the witnesses to challenge the court's suppression ruling *(see, People v Diaz,* 194 AD2d 688).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree and attempted robbery in the first degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed is not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Ritter, J. P., Altman, Friedmann and Florio, JJ., concur.