THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LILES, Appellant. [665 NYS2d 316] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered June 17, 1993, convicting him of murder in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence and the statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence at the hearing does not support a finding that the delay in his arraignment was for the purpose of depriving him of his right to counsel (*see, People v Ortlieb,* 84 NY2d 989; *People v Lopez,* 185 AD2d 285; *see also, People v Ellis,* 222 AD2d 519). Similarly

unpersuasive is his argument that the statements he made to the police were coerced. Rather, a review of the hearing record supports the hearing court's conclusion that the statements were made after his intelligent, knowing, and voluntary waiver of his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436; *People v Anderson,* 42 NY2d 35) and were not the product of coercion. Thus, the hearing court correctly denied that branch of the defendant's omnibus motion which was to suppress his statements (*see, People v Huntley,* 15 NY2d 72).

Furthermore, contrary to the defendant's contention, a review of both the evidence adduced at the hearing and the lineup photographs establishes that the lineup was not unduly suggestive (*see, People v Ellis, supra; People v Muniz,* 174 AD2d 635; *People v Cicero,* 119 AD2d 687; *cf., People v Garcia,* 153 AD2d 951). Accordingly, identification evidence was properly admitted at trial.

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or constitute harmless error (*see, People v Di Nicolantonio,* 74 NY2d 856; *People v Hamlin,* 71 NY2d 750, 758; *People v Gardner,* 237 AD2d 895). Miller, J. P., Pizzuto, Altman and Goldstein, JJ., concur.