■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE GORDON, Appellant. [711 NYS2d 327] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered November 7, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial,

after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Suppression of the defendant's statements was properly denied. The defendant willingly participated in the interrogation and polygraph test after receiving *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436; *People v Gluckowski,* 174 AD2d 752). A delay in arraignment, without more, does not cause the right of counsel to attach (*see, People v Ortlieb,* 84 NY2d 989; *People v Hopkins,* 58 NY2d 1079; *People v McCall,* 248 AD2d 557). We concur with the finding of the hearing court that the delay in the defendant's arraignment on an unrelated charge was not for the purpose of depriving him of his right to counsel (*see, People v McNear,* 265 AD2d 810; *People v Liles,* 243 AD2d 729).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Goldstein, Luciano and Smith, JJ., concur.