■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DIAZ, Appellant. [720 NYS2d 389] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County

(Ort, J.), rendered December 7, 1999, convicting him of murder in the first degree, murder in the second degree (three counts), robbery in the first degree (two counts), arson in the third degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review, the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, suppression of his statements and the physical evidence recovered as a result thereof was properly denied. The defendant voluntarily confessed to the police after receiving *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436). "A delay in arraignment, without more, does not cause the right of counsel to attach" (*People v Gordon,* 273 AD2d 402; *see, People v Ortlieb,* 84 NY2d 989; *People v Hopkins,* 58 NY2d 1079; *People v McCall,* 248 AD2d 557). The hearing court correctly determined that the delay in the defendant's arraignment was not for the purpose of depriving him of his right to counsel (*see, People v Gordon, supra; People v Liles,* 243 AD2d 729; *People v Ellis,* 222 AD2d 519; *People v Baker,* 208 AD2d 758). Santucci, J. P., S. Miller, Florio and Schmidt, JJ., concur.