■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS ARMINIO, Respondent. — Appeal by the People, as limited by their brief, from so much of an order of the County Court, Westchester County (Scancarelli, J.), dated April 11, 1984, as, after a hearing, granted certain branches of defendant's pretrial motion which sought to suppress physical evidence (marihuana cigarettes, Valium tablets, metal knuckles and a "Slim Jim") and certain oral statements made by him.

Order modified, on the law, by deleting so much thereof as granted that branch of defendant's pretrial motion as sought suppression of physical evidence seized from defendant's automobile and substituting therefor a provision denying that branch of the motion. As so modified, order affirmed, insofar as appealed from.

The hearing court correctly suppressed the statements defendant made to the police at the scene of his arrest. Suppression of those statements is warranted inasmuch as they were made in the course of and in response to a "custodial police interrogation", which was conducted prior to the administration of the requisite *Miranda* warnings (cf. *People v Huffman,* 41 NY2d 29).

However, the search of defendant's automobile, which led to the discovery of the marihuana cigarettes, Valium tablets, metal knuckles and "Slim Jim", was proper. The search comes under the automobile exception to the warrant requirement, as the police had probable cause to believe that the automobile was connected with the crime for which defendant had been arrested and that a search of the vehicle would produce contraband (see

*Chambers v Maroney,* 399 US 42; *People v Langen,* 60 NY2d 170, cert den __ US __, 104 S Ct 1287; *People v Clark,* 45 NY2d 432). Moreover, notwithstanding the suppression of defendant's statements, the items seized from defendant's automobile need not be suppressed as the fruit of the poisonous tree, because, under the circumstances, the normal course of police investigation would have inevitably led to the discovery of defendant's automobile and the contraband seized therefrom (see *Nix v Williams,* 467 US __, 104 S Ct 2501; *People v Fitzpatrick,* 32 NY2d 499, cert den 414 US 1050). Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.