■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MAKEDON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered May 19, 1983, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Groh, J.), of that branch of defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

The arresting officer, Raymond Liebold, and his partner responded to a radio run reporting that a burglary was in progress at a certain location. Liebold went to the front of the private residence while his partner went around to the back. Upon hearing his partner yell that "they were coming towards" him, Liebold saw three men running in his direction down a small alleyway. He drew his revolver and ordered the men to stop, but they continued running, and Liebold then pursued defendant, who had separated from the other two men. Defendant fell while climbing over a fence and Liebold noticed an object drop on

defendant's side of the fence. After further pursuit and defendant's arrest, Liebold returned to retrieve the objective, a piece of jewelry.

Defendant contends that the People failed to establish the reliability of the information transmitted by the sender of the radio run (*People v Havelka,* 45 NY2d 636, 641). Thus, according to defendant, probable cause was not shown and the unabandoned physical evidence was the fruit of an unlawful arrest (*People v Howard,* 50 NY2d 583, 593, *cert denied* 449 US 1023). However, as defendant never specifically challenged the reliability of the transmission at Criminal Term, the People were not required to produce the "sending" officer at the suppression hearing (*People v Ward,* 95 AD2d 233, 239-240), and the presumption of probable cause created by the radio report remains (*People v Lypka,* 36 NY2d 210, 213-214; *People v Ward, supra,* pp 239-240). Thus, that branch of defendant's omnibus motion which was to suppress the physical evidence was properly denied.

Defendant also argues that he was denied effective assistance of counsel. However, the record discloses that defendant's attorney was active and informed during the proceedings, and that defendant was provided with meaningful representation (*People v Baldi,* 54 NY2d 137, 147).

We have examined defendant's remaining contention and find it to be without merit. Weinstein, J. P., Brown, Niehoff and Lawrence, JJ., concur.