THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PITT, Appellant.

Defendant's claim that the stop of his automobile and the search of the interior were violative of his constitutional protec-

tions against unlawful searches and seizures is without merit. Quite aside from his failure at the suppression hearing to establish the requisite standing (*see, People v Cofresi,* 60 NY2d 728, 730), the actions of the police were well justified by settled decisional law. The radio transmission, alerting the officers that a car fitting the description of the defendant's vehicle had been involved in a burglary, constituted a sufficient predicate for the stop (*People v Singleton,* 41 NY2d 402, 404; *People v Rosario,* 94 AD2d 329; *People v Finlayson,* 76 AD2d 670, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931).

Because the radio transmission contained specific and articulable facts which permitted the inference that the suspects were armed, the officers were justified in approaching with their weapons drawn, directing the occupants to exit, and conducting a frisk (*see, People v Livigni,* 58 NY2d 894, *affg* 88 AD2d 386 for the reasons stated in the opn of Justice Mangano at App Div; *People v Brooks,* 88 AD2d 451). Nor was it improper for the officer to reach under the front seat of the vehicle after one of the passengers was observed bending over and attempting to conceal an object (*Michigan v Long,* 463 US 1032). Evidence thereafter taken from defendant's person and the interior of the car was validly seized as a search incident to arrest based on probable cause (*People v Langen,* 60 NY2d 170, *cert denied* 465 US 1028; *People v Landy,* 59 NY2d 369; *People v Belton,* 55 NY2d 49).

Defendant's remaining contentions have been considered and have been found to be without merit (*see, People v Howard,* 60 NY2d 999; *People v Kepple,* 98 AD2d 783). Titone, J.P., Bracken, Rubin and Lawrence, JJ., concur.