■ The People of the State of New York, Appellant, v Victor Alberti, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Kramer, J.), dated May 7, 1984, which granted defendant's motion to suppress physical evidence seized pursuant to a warrant.

Order reversed, on the law and the facts, motion to suppress physical evidence denied, and matter remitted to Criminal Term for further proceedings.

Criminal Term found that Officer Hanna was on a public sidewalk when he knelt down, peered through an aperture beneath defendant's garage door, and observed a license plate registered to a stolen vehicle inside (*see, People v Alberti,* 124 Misc 2d 532). At the time, the officers were engaged in an ongoing surveillance of the commercial premises, which was suspected of housing a "chop shop". The officer was located upon a public right-of-way at the time of his observation, a fact conceded by defendant's counsel at the oral argument of this appeal. Accordingly, he was entitled to observe what was exposed to public view (*see, e.g., People v Sciacca,* 64 AD2d 677; *cf. People v Farenga,* 42 NY2d 1092; *see generally, Coolidge v New Hampshire,* 403 US 443; *James v United States,* 418 F2d 1150, 1151, n 1). Furthermore, the record indicates that Officer Hanna, who died prior to the hearing, looked through a three-inch aperture at the bottom of the door, an aperture defendant never blocked out from public view. Consequently, defendant

had a minimal expectation of privacy in the commercial premises. Accordingly, it was error for Criminal Term to suppress the evidence later seized pursuant to a warrant.

We further disagree with Criminal Term's conclusion that an inadequate predicate for the issuance of the warrant was presented. Based upon our aforementioned findings, we conclude that a sufficient showing of probable cause was made for the issuance of a warrant to enter and seize the stolen vehicle observed by Officer Hanna (*see, e.g., People v Arnau,* 58 NY2d 27; *James v United States, supra,* at pp 1151-1152). The remaining items seized would have been inevitably discovered because they were in open view within the garage (*see, e.g., People v Fitzpatrick,* 32 NY2d 499, *cert denied* 414 US 1033, 1050; *People v Arminio,* 104 AD2d 995; *Nix v Williams,* 467 US __, 104 S Ct 2501). Thus any possible illegality connected with the officers' warrantless entry into the garage after Officer Hanna's observation but before the issuance of the warrant did not taint the admissibility of the evidence seized (*see, e.g., People v Arnau, supra,* at p 32). Defendant failed to meet his ultimate burden of showing that the evidence should not be admitted at trial (*People v Berrios,* 28 NY2d 361; *People v Arnau, supra*).

We have considered defendant's remaining contentions and find them to be without merit.

Accordingly, the order is reversed, defendant's motion to suppress denied, and the matter is remitted to Criminal Term for further proceedings. Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur. [124 Misc 2d 532.]