■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FRANCE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered February 3, 1984, convicting him of criminal possession of a weapon in the third degree and criminal possession of stolen property in the second degree, after a nonjury trial, and imposing sentence, as a predicate felon.

Judgment affirmed.

Defendant claims that it was error to deny his motion to suppress because there was a failure to establish the reliability of the information received over the radio with a consequent lack of probable cause for his arrest or for the search of the alleged stolen vehicle. As defendant never specifically challenged at Criminal Term the reliability of the transmission, the People were not required to produce the "sending" officer at the suppression hearing *(see, People v Ward,* 95 AD2d 233, 239-240) and thus the presumption of probable cause created by the radio report remains *(see, People v Makedon,* 108 AD2d 826). At this juncture since the evidence must be viewed in a light most favorable to the People, the evidence adduced during the trial established the defendant's guilt beyond a reasonable doubt *(see, People v Hyde,* 110 AD2d 716).

The sentence of 2½ to 5 years for criminal possession of a weapon in the third degree and 2 to 4 years for criminal possession of stolen property in the second degree was not an abuse of discretion by the sentencing Judge. The circumstances at bar do not demand that the sentence be disturbed *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.