■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered April 27, 1983, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

The defendant's claim that his arrest and the search of the automobile in which he was a passenger were violative of his constitutional protections against unlawful searches and seizures is without merit.

In addition to the defendant's failure to establish at the hearing the requisite standing to challenge the search complained of (see, People v Cofresi, 60 NY2d 728, 730), we find that the actions of the arresting officer were justified by well-settled principles of decisional law. Radio transmissions alerted the arresting officer that two black males were seen

exiting a suspicious-looking vehicle in the immediate vicinity of a residence at which a burglary was reported to be in progress. When the defendant was spotted hiding behind a bush in the yard of the specified residence, and then observed running to a nearby vehicle after peering out to see if the coast was clear, the officer had probable cause to arrest him *(see, People v De Bour,* 40 NY2d 210, 223). Furthermore, the defendant's present contention that probable cause was not demonstrated because the People failed to establish the reliability of the information transmitted by the sender is also without merit. Because the defendant never specifically challenged the reliability of the transmission at Criminal Term, the People were under no obligation to produce the "sending" officer at the hearing *(see, People v Dodt,* 61 NY2d 408, 416; *People v Jenkins,* 47 NY2d 722; *People v Makedon,* 108 AD2d 826).

Under these facts, after the arresting officer noticed the defendant quickly conceal an object under the front passenger seat, he was justified in reaching under the front seat to search for what was placed there *(see, People v Pitt,* 110 AD2d 723, 724, *cert denied* — US —, 106 S Ct 254), and the evidence subsequently taken from the defendant's person and the interior of the car was validly seized as incident to an arrest based on probable cause *(see, People v Belton,* 55 NY2d 49, 54-55; *People v Arminio,* 104 AD2d 995).

The prosecutorial misconduct complained of does not warrant reversal of the conviction *(see, People v Bailey,* 58 NY2d 272; *People v Galloway,* 54 NY2d 396).

We have examined the defendant's remaining contentions and find them to be either unpreserved or without merit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.