■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAFEEQ ANIF, Appellant. [758 NYS2d 512] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 8, 2001, convicting him of criminal sale of a controlled substance in the third degree and assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD2d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY BATES, Appellant. [758 NYS2d 512] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered December 13, 2001, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McKay, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the pretrial hearing was sufficient to establish that the police had probable cause to arrest the defendant (*see People v Rosa,* 231 AD2d 534, 535 [1996]; *People v Williams,* 117 AD2d 830 [1986]). Accordingly, the hearing court properly denied suppression of certain physical evidence seized from the defendant's person incident to the arrest (*see New York v Belton,* 453 US 454, 462-463 [1981]). Ritter, J.P., Altman, Krausman and Crane, JJ., concur.