■ In the Matter of DAVERUS McQ., Also Known as DAVARUS McQ., a Person Alleged to be a Juvenile Delinquent, Appellant. [765 NYS2d 270] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Grosvenor, J.), dated November 13, 2002, which, upon a fact-finding order of the same court, dated June 10, 2002, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for 18 months. The appeal brings up for review the fact-finding order dated June 10, 2002.

Ordered that the order of disposition is modified, on the law, by vacating the provisions thereof adjudicating the appellant a juvenile delinquent based upon the findings that he committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, and dismissing those counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Contrary to the appellant's contentions, urinating in a public place violates New York City Health Code (24 RCNY) § 153.09, and is a misdemeanor pursuant to New York City Charter § 558 (e). Since a police officer observed the appellant committing that crime, she had probable cause to arrest him (*see Matter of Eric C.,* 281 AD2d 543, 544 [2001]). Accordingly, the Family Court properly denied that branch of the appellant's omnibus motion which was to suppress the heroin seized from his person incident to the arrest (*see New York v Belton,* 453 US 454, 462-463 [1981]; *cf. People v Bates,* 305 AD2d 422 [2003], *lv denied* 100 NY2d 578 [2003]).

Nevertheless, as the presentment agency correctly concedes, both criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree are lesser-included offenses of criminal possession of a controlled substance in the third degree (*cf. People v Smith,* 305 AD2d 431, 432 [2003]; *People v Bowe,* 73 AD2d 971, 972 [1980]). Accordingly, upon the finding as to the greater count of criminal possession of a controlled substance in the third degree, the lesser-included counts of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree should have been dismissed (*cf.* CPL 300.40 [3] [b]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.