[994 NYS2d 496]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT APONTE, Appellant.

Supreme Court, Appellate Term, First Department, August 22, 2014

30

## APPEARANCES OF COUNSEL

*The Legal Aid Society*, New York City (*Lawrence T. Hausman* and *Scott A. Rosenberg* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Emily L. Auletta* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Judgment of conviction, rendered February 3, 2012, affirmed.

Observed by police urinating "in plain view" opposite a location identified as 2396 First Avenue in Manhattan, defendant was charged with "public urination," in violation of the anti-littering provisions of New York City Health Code (24 RCNY) § 153.09, which, as here relevant, makes it unlawful to "throw or put any . . . noxious liquid . . . [or] allow any such matter to run or fall into any street [or] public place . . . ." Defendant pleaded guilty to a reduced littering charge (*see* Administrative Code of City of NY § 16-118 [6]) and now appeals, challenging the facial sufficiency of the underlying accusatory instrument. We find that challenge to be unavailing. "[D]rawing reasonable inferences from all the facts set forth in the accusatory instrument" (*People v Jackson*, 18 NY3d 738, 747 [2012]), and giving "a fair and not overly restrictive or technical reading" (*People v Casey*, 95 NY2d 354, 360 [2000]) to the sworn police allegations that defendant was seen urinating in "public" and "in plain view" opposite a specified street address, we find the People's pleading sufficient to establish reasonable cause to believe and a prima facie case that defendant was guilty of the charged Health Code offense. While defendant correctly argues that the factual portion of the information does not specifically state that defendant "put" or "allow[ed]" his urine "to run or fall into any street [or] public place," a reasonable person could infer as much from the facts alleged (*see generally People v Dumay*, 23 NY3d 518 [2014]; *People v Abdurraheem*, 94 AD3d 569, 570 [2012], *lv denied* 19 NY3d 970 [2012]). Defendant does not question, nor do we doubt, the applicability of the cited Health Code ordinance to the facts of this case (*see Matter of Daverus McQ.*, 309 AD2d 752, 752 [2003], *lv denied* 1 NY3d 507 [2004]).

SCHOENFELD, J.P., HUNTER, JR. and LING-COHAN, JJ., concur.