=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 170
The People &c.,
            Respondent,
        v.
Abdelouahad Afilal,
            Appellant.


        Seth Steed, for appellant.
        Alan Gadlin, for respondent.



Memorandum:

        The order of the Appellate Term should be reversed and

the accusatory instrument dismissed.  Defendant was charged with

and pleaded guilty to criminal possession of marihuana in the

fifth degree (Penal Law § 221.10 [1]).  On appeal he challenges

the sufficiency of the accusatory instrument, claiming that it

fails to allege sufficient facts to establish the "public place"
element of section 221.10 (1).

A person is guilty of criminal possession of marihuana
in the fifth degree "when [such person] knowingly and unlawfully
possesses . . . marihuana in a public place . . . and such
marihuana is burning or open to public view" (Penal Law § 221.10
[1]).  Public place means

> "a place to which the public or a substantial
> group of persons has access, and includes,
> but is not limited to, highways,
> transportation facilities, schools, places of
> amusement, parks, playgrounds, and hallways,
> lobbies and other portions of apartment
> houses and hotels not constituting rooms or
> apartments designed for actual residence"

(Penal Law § 240.00 [1]).

"A valid and sufficient accusatory instrument is a
nonwaivable jurisdictional prerequisite to a criminal
prosecution" (People v Case, 42 NY2d 98, 99 [1977]).  Defendant
waived prosecution by information and, therefore, the sufficiency
of the accusatory instrument is assessed under the standard
applicable to a misdemeanor complaint.  Under that standard, the
complaint must allege "facts of an evidentiary character
supporting or tending to support the charges" (CPL 100.15 [3]),
and the factual allegations must "provide reasonable cause to
believe that the defendant committed the offense charged" (CPL
100.40 [4] [b]; see People v Dumay, 23 NY3d 518, 522 [2014]).

Here, the People concede that the accusatory instrument
could have more precisely pled the public nature of defendant's

location by alleging that he was standing on a sidewalk or in a park, when the officer saw him holding a bag of marihuana.  We agree that either of these assertions describes a location within the definition of Penal Law § 240.00 (1) (see Penal Law § 240.00 [1] [public place includes "places of amusement, parks, playgrounds"]; People v Campbell, 41 Misc 3d 143 [A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [officer "observed the defendant on a sidewalk which is a public place, and in possession of a quantity of marihuana"], lv denied, 22 NY3d 1155 [2014]).  Given the absence of such factual allegations, and the instrument's reliance otherwise on conclusory statements that do no more than track the language of Penal Law § 221.10 (1), the complaint fails to meet the reasonable cause requirement and should be dismissed (see People v Dreyden, 15 NY3d 100, 103 [2010]; CPL 100.40 [4] [b]; Dumay, 23 NY3d at 522).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed and accusatory instrument dismissed, in a memorandum.  Chief Judge Lippman and Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided November 24, 2015