OPINION OF THE COURT
Steven M. Statsinger, J.
Defendant, charged with criminal possession of marijuana in the fifth degree, Penal Law § 221.10 (1), moved to dismiss for facial insufficiency. On October 28, 2015, the court denied the motion, holding that the accusatory instrument sufficiently alleged the “public place” element of Penal Law § 221.10 (1). (People v Johnson, 49 Misc 3d 1210[A], 2015 NY Slip Op 51551[U] [Crim Ct, NY County 2015].)
On January 20, 2016, defendant moved for leave to reargue, citing a recent decision of the New York Court of Appeals, People v Afilal (26 NY3d 1050 [2015]). For the reasons that follow, the court grants defendant’s motion for leave to reargue. On re-argument, however, the court finds that Afilal does not render its prior ruling incorrect. The court therefore again denies defendant’s motion to dismiss.
I. Factual Background
As to this material, the court assumes the reader’s familia.rity with the content of its prior decision in this case.
II. The Information
The factual portion of the information, sworn out by Police Officer Elvin Pichardo, provides that
*803 “I observed the defendant holding one cigarette containing marijuana in a public place and open to public view. I then observed the defendant place the cigarette containing marijuana on a building ledge. I then took the cigarette containing marijuana from the building ledge where I observed the defendant place it.
“I believe the substance is marijuana based upon: my professional training as a police officer in the identification of marijuana, my prior experience as a police officer making marijuana arrests, the odor emanating from the substance, an observation of the packaging, which is characteristic of marijuana, and a field test that confirmed that the substance is marijuana.”
The accusatory portion of the information alleges that this occurred at 12:50 p.m. on March 13, 2015, “in front of” 39 Sickles Street in New York County.
III. The Afilal Decision
On November 24, 2015, the New York Court of Appeals found that an accusatory instrument charging a violation of Penal Law § 221.10 (1) was facially insufficient because it did not contain “factual allegations” specifying the “public nature of [the] defendant’s location” by, for example, alleging that the possession took place on a sidewalk or in a public park. (Afilal, 26 NY3d at 1052.) The instrument merely used “conclusory statements that [did] no more than track the language of Penal Law § 221.10 (1).” (Id. ) It accordingly did not make out reasonable cause. (Id.)
IV. Discussion
A. Motions for Leave to Reargue
This court has previously concluded that, under the Criminal Procedure Law, the primary mechanism for seeking review of disputed rulings of the trial courts is a direct appeal. (People v Defreitas, 48 Misc 3d 569, 575-576 [Crim Ct, NY County 2015].) Indeed, the CPL contains no provision for motions to leave to reargue (id. at 573), and, while courts have the inherent power to grant leave to reargue, such motions are disfavored and should only be entertained when there is a compelling reason to do so. (Id. at 576.)
Defreitas identifies a few situations in which a court might entertain a motion for leave to reargue: a judge is being asked *804 to consider his own ruling and not that of a different judge; the ruling at issue was oral, not written; the motion to leave to reargue was made promptly; or the motion cites relevant authority not brought to the court’s attention at the time of the disputed ruling. (Id. at 577.)
This case presents a situation closely related to the last of these—a supervening, binding decision by a higher court that might suggest that the disputed ruling was incorrect. This court has no trouble concluding that the existence of supervening contrary authority constitutes a legitimate basis for entertaining a motion for leave to reargue. Here, scarcely one month after the court denied defendant’s motion to dismiss, the Court of Appeals decided Afilal, a decision on precisely the same legal question at issue here. And, while the defendant’s motion was not made nearly as promptly as that in Defreitas— there the motion came some eight days after the court ruled (48 Misc 3d at 577), while here the motion came nearly two months after Afilal came down—that is offset to some degree by the fact that defense counsel moved for leave to reargue on the very next calendar call after the court announced its decision denying the motion to dismiss.
Accordingly, the court agrees that it should take a fresh look at this case in light of Afilal, and grants defendant’s motion for leave to reargue.
B. On Reargument, the Court Denies Defendant’s Motion to Dismiss
The court finds that, despite Afilal, the court’s initial decision denying dismissal in this case was correct. The information here is distinguishable from that described in Afilal.
Penal Law § 221.10 (1) prohibits the possession of marijuana in a “public place.” “Public place,” defined in Penal Law § 240.00 (1),
“means a place to which the public or a substantial group of persons has access, and includes, but is not limited to, highways, transportation facilities, schools, places of amusement, parks, playgrounds, and hallways, lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence.”
A sidewalk is also a public place. (Afilal, 26 NY3d at 1052.)
The court notes first that, here, the only mention of the specific location of defendant’s possession of marijuana is in the accusatory portion of the information, which accuses the *805 defendant of committing the offense on a particular date and at a particular time “in front of” 39 Sickles Street in New York County. Under Afilal, this alone would probably not be enough. If the only language appearing to describe with particularity the “public place” appears in the accusatory part of the information, the information is not facially sufficient. The facial sufficiency of an information turns exclusively on a reading of “[t]he allegations of the factual part of the information, together with those of any supporting depositions which may accompany it.” (CPL 100.40 [1] [b] [emphasis added].) Section 100.40 (1) (b) does not permit considering allegations in the accusatory part to determine whether an information is facially sufficient.
But, nevertheless, even under Afilal, the instant information is facially sufficient. Unlike in Afilal, this instrument relies on more than mere “conclusory statements that do no more than track the language of Penal Law § 221.10 (1)” (26 NY3d at 1052) and contains additional facts beyond the bare allegation that defendant possessed marijuana in a “public place.” It describes the defendant’s placing a marijuana cigarette “on a building ledge,” from which a police officer recovered it. There is a reasonable inference from the use of the phrase “building ledge” that the activity occurred either on the street or the sidewalk in front of the building. (E.g. Taylor v Bankers Trust Co., 80 AD2d 483 [1st Dept 1981] [ice falling from “building ledge” struck pedestrian on Wall Street]; Pierson v City of New York, 83 AD2d 128 [1st Dept 1981] [pedestrian slipped on sidewalk and struck his leg on “building ledge”].) Since, under section 240.00 a street is a public place and, under Afilal, a sidewalk is a public place, the information here alleges the “public place” element of Penal Law § 221.10 (1) in a nonconclusory, legally sufficient manner.
Accordingly, for these reasons, the court finds that, on re-argument, the information here is facially sufficient.
C. Conclusion
Defendant’s motion for leave to reargue is granted. On re-argument, the motion to dismiss for facial insufficiency is again denied.
V. Conclusion
Defendant’s motion for leave to reargue is granted. On re-argument, the motion to dismiss for facial insufficiency is denied.