The People of the State of New York, Respondent,
against
Ruben Cruz, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Gilbert C. Hong, J.), rendered May 7, 2013. The judgment convicted defendant, after a nonjury trial, of criminal possession of marihuana in the fifth degree.




ORDERED that the judgment of conviction is reversed, on the law, and the accusatory instrument is dismissed.
Defendant was charged, among other things, with criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]), and, after a nonjury trial, was found guilty of that charge. Insofar as is relevant to this appeal, the information alleged that defendant had committed the offense of criminal possession of marihuana in the fifth degree, in that, "on or about . . . April 12, 2010 at approximately 05:25 PM at [sic] front of 43 Stockholm Street County of Kings, State of New York," defendant knowingly and unlawfully possessed marihuana "in a public place, as defined in Penal Law Section 240.00." Defendant was "in possession of a quantity of marihuana that was visible to passers-by in that the informant did recover said quantity of marihuana from on the ground where the informant observe[d] the defendant drop it."
Defendant contends for the first time on appeal that the information was jurisdictionally insufficient with respect to the "public place" element of criminal possession of marihuana in the fifth degree. A defendant may challenge the jurisdictional sufficiency of an accusatory instrument for the first time on appeal because "[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Dreyden, 15 NY3d 100, 103 [2010]). As defendant did not waive prosecution by information, the instrument must contain factual allegations that, if true, establish each element of the offense charged and the defendant's commission thereof (see CPL 100.40 [1] [c]; People v Jackson, 18 NY3d 738, 741-742 [2012]; People v Kalin, 12 NY3d 225, 228 [2009]; People v Konieczny, 2 NY3d 569, 575 [2004]). However, a claim that the information failed to set forth nonhearsay allegations of an element of the offense charged must be preserved by an objection or motion in the court below (see People v Keizer, 100 NY2d 114, 121-122 [2003]; People v Casey, 95 NY2d 354, 361-367 [2000]; People v Battle, 37 Misc 3d 142[A], 2012 NY Slip Op 52278[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
An accusatory instrument that alleges only that the defendant possessed marihuana opposite or in front of a particular address, in violation of Penal Law § 221.10 (1), without more, is facially insufficient with respect to the element that the possession occurred in a "public [*2]place," as such term is defined in Penal Law § 240.00 (1) (People v Afilal, 26 NY3d 1050 [2015]). The accusatory instrument must plead "the public nature of defendant's location," for example, "by alleging that he was standing on a sidewalk or in a park, when the officer saw him" in possession of marihuana, thereby describing a location within the definition of Penal Law § 240.00 (1) more precisely (People v Afilal, 26 NY3d at 1052, citing with approval People v Campbell, 41 Misc 3d 143[A], 2013 NY Slip Op 52057[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [an accusatory instrument alleging that the officer observed the defendant on a sidewalk which is a public place, and in possession of a quantity of marihuana is jurisdictionally sufficient]). The information in the case at bar was jurisdictionally defective, as it did not plead, with the required specificity, the public nature of defendant's location (see People v Afilal, 26 NY3d at 1052).
In light of our determination, we need not reach defendant's additional contentions.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Solomon, J.P., Weston and Elliot, JJ., concur.
Decision Date: June 06, 2016