The People of the State of New York, Respondent,
against
Charles Jackson, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Abraham L. Clott, J.), rendered August 29, 2015, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Abraham L. Clott, J.), rendered August 29, 2015, reversed, on the law, accusatory instrument dismissed, and fine and surcharge, if paid, remitted.
In view of the defendant's knowing waiver of the right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). Even when viewed under the more liberal standard, the accusatory instrument was jurisdictionally defective since it failed to allege "facts of an evidentiary character" (CPL 100.15[3]) demonstrating "reasonable cause" to believe (CPL 100.40[4][b]) that defendant was guilty of the charged offense of criminal possession of marihuana in the fifth degree (see Penal Law § 221.10[1]). In this regard, the People's pleading lacked sufficient allegations to satisfy the "public place" element of the charged crime (see Penal Law § 240.00[1]), since it "could have more precisely pleaded the public nature of defendant's location by alleging that he was standing on a sidewalk or in a park, when the officer saw him holding [and passing] a . . . marihuana [cigarette]" (People v Afilal, 26 NY3d 1050, 1052 [2015]). "Given the absence of such factual allegations, and the instrument's reliance otherwise on conclusory statements that do no more than track the language of Penal Law § 221.10(1), the complaint fails to meet the reasonable cause requirement and should be dismissed" (Afilal, 26 NY3d at 1052).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: June 20, 2016