The People of the State of New York, Respondent,
against
Derrence Kellman, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered June 12, 2012, after a non jury trial, convicting him of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgment of conviction (Anthony J. Ferrara, J.) rendered June 12, 2012, affirmed.
The accusatory instrument was not jurisdictionally defective. Giving the misdemeanor complaint and supporting deposition "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]), that it established reasonable cause to believe and a prima facie case that defendant was guilty of unlicensed general vending (see Administrative Code of City of NY § 20—453). The "public space" element of the charged offense (see Administrative Code § 20—452[d]) was satisfied by allegations that defendant was observed "opposite of 436 East 11th Street," standing in front of a "sheet on the ground" (see People v Kasse, 40 Misc 3d 126[A], 2013 NY Slip Op 51022[U] [App Term, 1st Dept 2013], affd 22 NY3d 1142 [2014]; People v Abdurraheem, 94 AD3d 569, 570 [2012], lv denied 19 NY3d 970 [2012]).
People v Afilal, 26 NY3d 1050 (2015), relied upon by defendant, which addressed the more narrowly defined "public place" element of the charge of criminal possession of marijuana in the fifth degree (see Penal Law §§ 221.10[1]; 240.00[1]), does not require a contrary result and is distinguishable.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 31, 2016