The People of the State of New York, Respondent, 
against
Candice Gerado, Defendant-Appellant.



In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Melissa C. Jackson, J.), rendered February 24, 2011, convicting her, upon her plea of guilty, of driving while impaired by drugs, and imposing sentence and (2) a judgment of the same court (Jennifer G. Schecter, J.), rendered July 31, 2012, convicting her, upon her plea of guilty, of driving while impaired by drugs and aggravated unlicensed operation of a motor vehicle in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Jennifer G. Schecter, J.), rendered July 31, 2012, affirmed. Appeal from judgment of conviction (Melissa C. Jackson, J.), rendered February 24, 2011, dismissed.
The misdemeanor complaint under docket number 2012NY038380 was not jurisdictionally defective (see People v Dumay, 23 NY3d 518, 521 [2014]). The "public highway" element of the charged Vehicle and Traffic Law offenses were satisfied by allegations in both the complaint and the sworn Report of Refusal that was filed and served at defendant's arraignment, which allege, respectively, that defendant was operating a motor vehicle "opposite of 2345 3rd Avenue in the County and State of New York," at the "corner of E 128th Street and 3rd Avenue" (see e.g. People v Kasse, 22 NY3d 1142, 1143 [2014]; People v Cardona, 53 Misc 3d 137[A], 2016 NY Slip Op 51466[U] [App Term, 1st Dept 2016], lv denied 28NY3d 1143 [2017]). The Vehicle and Traffic Law broadly defines a public highway as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way" (Vehicle and Traffic Law § 134; People v Beyer, 21 AD3d 592, 594 [2005], lv denied 6 NY3d 752 [2005]).
Contrary to defendant's contention, People v Afilal, 26 NY3d 1050 (2015), which addressed the more narrowly defined "public place" element of the charge of criminal possession of marihuana in the fifth degree (see Penal Law §§ 221.10[1]; 240.00[1]), does not require a contrary result and is distinguishable.
The accusatory instrument also charged all the other elements of aggravated unlicensed operation of a motor vehicle in the second degree (see Vehicle and Traffic Law § 511[2][a][iv]). The People's pleading alleged, inter alia, that defendant was observed operating a motor vehicle; that the computer check run by the officer of Department of Motor Vehicles records showed that defendant's driver's license had been suspended "on more than two times on more than two dates [*2]and has not been reinstated"; that "defendant's license was suspended for failure to answer a New York summons"; and that all such summonses contain a printed notice that "[i]f you do not answer this ticket by mail within 15 days your license will be suspended." These factual allegations were sufficient for pleading purposes to establish the element of the charge that defendant knew, or had reason to know, that her New York State license or driving privilege had been suspended or revoked (see Vehicle and Traffic Law § 511[1][a]; People v Maldonado, 42 Misc 3d 81 [2013]; People v Crawley, 32 Misc 3d 131[A], 2011 NY Slip Op 51334[U] [App Term, 1st Dept 2011], lv denied 19 NY3d 863 [2012]). 
Defendant is time barred from pursuing an appeal from the judgment of conviction rendered February 24, 2011. Defendant's notice of appeal was filed in August 2012, well past the 30-day limit for taking appeals spelled out in CPL 460.10(1)(a). Were we to address the merits, we would affirm.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 24, 2017