The People of the State of New York, Respondent,
against
Cecilio Gomez Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (John J. DeLury, J.H.O.), rendered November 2, 2015, after a nonjury trial, convicting him of public urination, and imposing sentence.




Per Curiam.
Judgment of conviction (John J. DeLury, J.H.O.) rendered, November 2, 2015, affirmed.
Defendant was observed by police urinating in "f/o 666 W. 207" and was charged with violating Administrative Code of City of NY § 16-118(6), which provides that "no swill, brine, offensive animal matter, noxious liquid, or other filthy matter of any kind, shall be allowed by any person to fall upon or run into any street, or public place, or be taken to or put therein." Defendant was found guilty after trial and now appeals, challenging, inter alia, the facial sufficiency of the accusatory instrument. We find that challenge to be unavailing.
Administrative Code § 16-118 does not define "public place," nor does the remainder of the Department of Sanitation regulations contained in Title 16, Chapter 1 of said Code - in which the section is situated - define the term (cf. People v Afilal, 26 NY3d 1050, 1051-1052 [2015] ["public place" as defined in Penal Law § 240.00[1]). "Because the term public place' has no cut-and-dried meaning, it is necessary to interpret and apply the statute here in a manner that comports with its purpose" (People v McNamara, 78 NY2d 626, 633 [1991]. Section 16-118 is a "sanitation regulation" (Rabinowitz v City of New York, 286 AD2d 724, 725 [2001], lv denied 98 NY2d 615 [2002]) and subdivision six thereof prohibits, as a matter of public health, any person to "put" any waste or to have "allowed" any waste to "fall upon or run into any street or public place.
Viewed in this context and considering that the word "allow" is broadly defined as "to let do or happen; permit" (American Heritage Dictionary of the English Language, 4th ed.) we find the accusatory instrument to be facially sufficient. Based upon the sworn police allegations that defendant was observed urinating in front of a specified street address, a reasonable person could infer that defendant "allowed" his urine to "fall upon or run into" a street or public place, the precise public health harm aimed at by the Code provision at issue (see generally People v Aponte, 45 Misc 3d 29 [2014], lv denied 25 NY3d 1069 [2015]).
Defendant's challenge to the electronic recording of the proceeding below is unpreserved and no prejudice is apparent from the record (see People v Wanass, __ Misc 3d __, 2017 NY Slip Op 27076 [App Term, 1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 16, 2017