The People of the State of New York, Respondent,
against
Carlos Falu, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Steven J. Hornstein, J.), rendered August 14, 2013, convicting him, upon his plea of guilty, of criminal possession of marihuana in the fifth degree and imposing sentence.




Per Curiam.
Judgment of conviction (Steven J. Hornstein, J.), rendered August 14, 2013, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of the charged offense of criminal possession of marihuana in the fifth degree (see Penal Law § 221.10[1]). Contrary to defendant's present contention, the police allegations that defendant was observed "in front of" a specified street address, on "a public sidewalk," with one ziplock bag of marihuana in his "right hand, open to public view," were sufficient for pleading purposes to establish the public place element of the charged offense (see Penal Law § 240.00; People v Afilal, 26 NY3d 1050 [2015]) and that the marihuana was "open to public view" (Penal Law § 221.10; see People v Jackson, 18 NY3d 738 [2012]; Matter of Michael I., 309 AD2d 598 [2003], lv denied 1 NY3d 508 [2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: November 15, 2017