The People of the State of New York, Respondent,
against
Monica Jones, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Abraham L. Clott, J.), rendered November 10, 2014, after a nonjury trial, convicting her of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgment of conviction (Abraham L. Clott, J.), rendered November 10, 2014, affirmed.
The accusatory instrument was not jurisdictionally defective. The "public space" element of the unlicensed general vending charge (see Administrative Code of City of New York § 20—452[d]) was satisfied by sworn police allegations that defendant was engaged in specified vending activities while standing behind a folding table "in front of 435 7 Avenue" (see People v Abdurraheem, 94 AD3d 569, 570 [2012], lv denied 19 NY3d 970 [2012]; People v Sosa, 57 Misc 3d 129[A], 2017 NY Slip Op 51166[U] [App Term, 1st Dept 2017], lv denied 30 NY3d 1063 [2017]; People v Jalloh, 53 Misc 3d 148[A], 2016 NY Slip Op 51634[U] [App Term, 1st Dept 2016], lv denied 28 NY3d 1185 [2017]; People v Kasse, 40 Misc 3d 126[A], 2013 NY Slip Op 51022[U] [App Term, 1st Dept 2013], affd 22 NY3d 1142 [2014]).
People v Afilal, 26 NY3d 1050 (2015), relied upon by defendant, which addressed the more narrowly defined "public place" element of the charge of criminal possession of marijuana in the fifth degree (see Penal Law §§ 221.10[1]; 240.00[1]), does not require a contrary result and is distinguishable (see People v Kellman, 53 Misc 3d 145[A], 2016 NY Slip Op 51575[U][App Term, 1st Dept 2016], lv denied 29 NY3d 999 [2017]). To the extent that our decision in People v Kamara (50 Misc 3d 145[A], 2016 NY Slip Op 50302[U][App Term, 1st Dept 2016]), where we accepted the People's concession, holds to the contrary, it should not be followed. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: June 22, 2018