The People of the State of New York, Respondent,
against
Daniel Foster, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Eileen N. Nadelson, J.H.O.), rendered February 24, 2014, after a nonjury trial, convicting him of public urination, and imposing sentence.




Per Curiam.
Judgment of conviction (Eileen N. Nadelson, J.H.O.), rendered February 24, 2014, affirmed. 
The accusatory instrument was not jurisdictionally defective. The conduct described in the instrument, as observed by a police officer, supports the reasonable inference that defendant "allow[ed]" his urine "to run or fall into any street [or] public place" in violation of former 24 RCNY 153.09 (see People v Aponte, 45 Misc 3d 29 [App Term, 1st Dept 2014], lv denied 25 NY3d 1069 [2015]). 
Defendant's present challenge to the validity of his consent to have the matter adjudicated by a Judicial Hearing Officer [JHO] is both unpreserved and without merit. Given that there is nothing in the record to indicate that the signature on the JHO consent form is not defendant's, and defendant himself does not now claim otherwise, this Court will "presume that it was [defendant's signature]" on the form (People v Davis, 13 NY3d 17, 22 n 1 [2009]; see People v Johnson, 59 Misc 3d 140[A], 2018 NY Slip Op. 50605[U] [App Term 1st Dept, 2018], lv denied 31 NY3d 1149 [2018]). Moreover, after defendant signed the standardized JHO consent form, defendant and his counsel participated fully in a trial without objection to the authority or jurisdiction of the JHO (see People v Abdrabelnaby, 58 Misc 3d 16, 17 [App Term, 1st Dept 2017], lv denied 30 NY3d 1113 [2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 14, 2019