People v Lawrence (2022 NY Slip Op 07453)

People v Lawrence

2022 NY Slip Op 07453

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2019-13172
 (Ind. No. 342/19)

[*1]The People of the State of New York, respondent,
v
Lashawn Lawrence, appellant.

Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant.
Raymond A. Tierney, Riverhead, NY (Rosalind C. Gray and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), rendered October 15, 2019, convicting him of conspiracy in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The County Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from him following his arrest, as the evidence adduced at the hearing was sufficient to establish that the police had probable cause to arrest the defendant (see People v Ellerbee, 203 AD3d 1068, 1068-1069; People v Green, 13 AD3d 646, 646; People v Bates, 305 AD2d 422, 422; People v McCloud, 182 AD2d 835, 837). Facts and circumstances existed which, when viewed as a whole, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense had been committed, and that the defendant had committed that offense (see People v Alexander, 200 AD3d 790, 791; People v Fleck, 167 AD3d 771, 772; People v Williams, 127 AD3d 1114, 1116; People v Wright, 8 AD3d 304, 306).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions are without merit.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court