People v Vandina (2024 NY Slip Op 03443)

People v Vandina

2024 NY Slip Op 03443

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2023-05395
 (Ind. No. 70065/18)

[*1]The People of the State of New York, respondent, 
v
Nick Vandina, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Kevin C. King of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered May 1, 2023, convicting him of driving while ability impaired by drugs and aggravated unlicensed operation of a motor vehicle in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Felice J. Muraca, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Following a jury trial, the defendant was convicted of driving while ability impaired by drugs and aggravated unlicensed operation of a motor vehicle in the first degree (two counts), arising from his operation of a gasoline-powered motorized scooter on the Meadowbrook State Parkway.
Contrary to the defendant's contention, there was probable cause for his arrest, and the Supreme Court properly denied that branch of his motion which was to suppress physical evidence. At the hearing, the arresting officer testified that he responded to a 911 call about an individual dressed all in black riding a motorized scooter in a travel lane of the Meadowbrook State Parkway. Upon arrival, the officer observed the defendant, dressed all in black, trying to start a motorized scooter on the side of the roadway. The defendant said that he had been riding his motorized scooter on the Meadowbrook State Parkway until the scooter became disabled. The defendant spoke very quickly and erratically, he was pacing back and forth, and he had "pinpoint" pupils. During standard field sobriety tests, the officer observed clues that the defendant was under the influence of drugs or alcohol. Thereafter, the defendant admitted that he had used PCP approximately one hour before riding the scooter. Based on the hearing testimony, the officer had probable cause to arrest the defendant for operating a motor vehicle while under the influence of drugs (see People v Lawrence, 211 AD3d 1039, 1039-1040; People v Fleck, 167 AD3d 771, 772).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People [*2]v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions that the Supreme Court erred in admitting into evidence three compact discs are unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The defendant's challenge to a remark made by the prosecutor during his summation is unpreserved for appellate review (see id.). In any event, the prosecutor's statement in summation constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom (see People v Ashwal, 39 NY2d 105, 109-110; People v Fuhrtz, 115 AD3d 760).
The Supreme Court properly denied the defendant's motion pursuant to CPL 330.30 to set aside the verdict based on a claim of ineffective assistance of counsel (see CPL 330.30[1]; People v McCoy, 188 AD3d 1262, 1263).
CONNOLLY, J.P., MILLER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court